AMERICAN DIAMOND ROCK BORING CO. *v.* RUTLAND MARBLE CO. and others.

*(Circuit Court, D. Vermont.* May 8, 1880.)

PATENT—INFRINGEMENT ENJOINED DURING TERM—NOT ENTITLED TO DISCHARGE UPON EXPIRATION.—A party who, during the term of a patent, has been enjoined from using a machine infringing thereon, is not, upon the expiration of such patent, entitled to be relieved from such injunction as to a machine manufactured during its existence.

In Equity.

*Charles F. Blake,* for plaintiff.

*Edward J. Phelps, Walter C. Dunton* and *Aldace F. Walker,* for defendants.

WHEELER, D. J. This is a motion to discharge the injunction on account of the expiration of the term of the patent. At the time of the expiration the defendants were using machines made during the term of the patent for use, in violation of the plaintiff's exclusive rights. It is argued for the defendants that to continue the restraint upon such machines after the expiration of the term of the patent is in effect to extend the term of the patent. The grant to the patentee was of the exclusive right to make, use, and vend to others to be used, the invention during the term. The right to exclude others from making, using and selling was the essential thing, and really all that was granted. He had the right to do all these himself, to any extent, without the grant. The exclusive right was

his property. Any making for use during the term was taking from him what belonged to him. To permit any others to make or produce such machines during the term, and hold them till the expiration and then use them freely, as if made after, would be to permit them to make off with so much of his property that the law had guaranteed to him. To restrain the use after the term, without his consent, gives nothing to him that he was not entitled to, and takes nothing from them that they had any right to. It gives him no right acquired beyond his term, and merely secures to him the full right he was entitled to during the term. The law would be open to reproach if it would not allow a court of equity, by its usual methods, in a case properly before it to accomplish a result so just. The argument upon this motion has confirmed rather than shaken the views expressed before upon this subject.

Motion denied.