TOLEDO MOWER & REAPER Co. *v.* JOHNSTON HARVESTER Co. and others.

*(Circuit Court, N. D. New York.   August 17, 1885.)*

PATENTS FOR INVENTIONS—JURISDICTION — INFRINGEMENT — PATENT ABOUT TO EXPIRE.

Where a bill filed 26 days before the expiration of the patent sets forth that plaintiff has the exclusive right to make and sell the patented article, and is exercising such right and is able to supply the market, and that defendants are making and selling machines in large quantities embodying the invention, and threaten to put on the market, after the expiration of the patent, machines made before its expiration, and prays for an injunction restraining the sale, after as well as before the patent expires, of machines unlawfully made before it expires, it states a case within the jurisdiction of a circuit court and is not demurrable.

In Equity.

*Parkinson & Parkinson*, for plaintiff.

*Cogswell, Bentley & Cogswell*, for defendants.

BLATCHFORD, Justice. This bill is brought for the infringement of letters patent granted to John S. Davis, March 10, 1868, for an improvement in reapers and mowers, for 17 years from that day. The bill was sworn to February 9, 1885, and filed February 12, 1885. The plaintiff is alleged to be a corporation of Ohio; the defendant corporation, a corporation of New York; and the other defendants, its officers and citizens of New York. The bill avers that the plaintiff, from December 23, 1881, has been continuously engaged in making and selling machines, under and in accordance with the patent, at Toledo, Ohio, and elsewhere in the United States, and has been and is prepared to fully supply the market therefor, and is the owner of the patent, and has invested and expended large sums of money and been to great trouble in and about the invention, and for the purpose of carrying on the business of making, selling, and introducing to the public, in Toledo and elsewhere in the United States, and, among other places, in the Northern district of New York, machines embodying the invention, and making the same profitable to itself and useful to the public; that the invention has been and is of great benefit and advantage, and has, by the efforts of the plaintiff and its predecessors in title, been made extensively and favorably known to the public, and many machines were made according to the invention, and sold by the plaintiff and its predecessors in title; that it has reserved to itself the entire right to make, use, and sell under the patent, and has granted no licenses to make thereunder; that the defendants, in infringement, have made and sold machines containing the invention, and still continue to do so, and are threatening to make the said machines in large quantities, and to supply the market therewith, and to sell the same; that said acts of infringement are being carried on by the defendants jointly in the Northern district of New York and in Toledo, where the plaintiff has built up a trade in the machines, and is prepared to supply the market therewith; that the defendants are now, in the Northern district of New York, making large quantities of the machines containing the invention, and preparing and intending to put upon the market and sell for use, during the season of 1885, in said district, and in and about Toledo, and elsewhere in the United States, such machines so manufactured prior to the expiration of the patent; that they have large quantities of the machines on hand, which they are offering for sale; and that the use of the invention by the defendants, and their avowed determination to continue the same, encourage and induce others to infringe the patent. The bill prays for an account of profits, and for an injunction restraining the defendants from further constructing or selling or using any of the machines, and from selling or putting into use, as well after as before the expiration of

the patent, "any infringing machines unlawfully made or acquired, in whole or in part, during the term thereof; and that all infringing machines now in possession or use of the said defendants may be destroyed, or delivered up to your orator for that purpose." It also prays for a decree for damages in addition to profits, and for an increase of damages, and a provisional injunction. The defendants demur (1) for want of ground for equitable relief; (2) for want of equitable jurisdiction; (3) because the bill shows that the remedy, if any, is at law.

This case does not fall within the ruling in *Mershon* v. *J. F. Pease Furnace Co., infra.* In the present case, the bill was filed 26 days before the patent expired. There was time to give notice of a motion for a provisional injunction, and to obtain it. Moreover, the bill sets forth special circumstances for equitable relief, in that the plaintiff has retained the exclusive right to make and sell, and is exercising it, and is able to supply the market, and the defendants are making machines containing the invention, and threaten to make them in large quantities, and intend to put on the market in the season of 1885 infringing machines made before the patent expires, and have large quantities on hand which they are offering for sale; and the bill prays for an injunction restraining the sale, after as well as before the patent expires, of machines unlawfully made before it expires. Such a case is like that of *Crossley* v. *Beverly*, Webst. Pat. Cas. 119, commented on in *Smith* v. *London & S. W. Ry. Co.* Kay, 408, and like the cases, in this circuit, of *American Diamond Rock Boring Co.* v. *Sheldon*, 18 Blatchf. C. C. 50; S. C. 1 FED. REP. 870; and *American Diamond Rock Boring Co.* v. *Rutland Marble Co.* Id. 146; S. C. 2 FED. REP. 356.

The demurrer is overruled, with costs, and the defendants are assigned to answer the bill by the rule-day in October next.