## MERSHON *v.* J. F. PEASE FURNACE CO.

*(Circuit Court, N. D. New York.   August 17, 1885.)*

PATENTS FOR INVENTIONS—JURISDICTION—REMEDY AT LAW—REV. ST. §§ 723, 4921.
    A bill for infringement of a patent, and for an account of profits and damages, and for injunction, provisional and perpetual, but setting forth no special ground for equitable relief, is demurrable, where the patent will expire four days after the filing of the bill, and three days after the service of the subpœna, and where, by the rules of the court, a notice of eight days, of a motion for an injunction, is required.

In Equity.
*Forbes, Brown & Tracy*, for plaintiff.
*Duell & Hey*, for defendant.

BLATCHFORD, Justice. This is a bill in equity brought for the infringement of reissued letters patent No. 4,695, granted to the plaintiff, January 2, 1872, for an improvement in dampers for hot-air furnaces, for the unexpired term of 17 years from May 5, 1868, on which date the original letters patent No. 77,512 were granted to the plaintiff. The bill prays for an account of profits and damages, and for injunctions provisional and perpetual, but it sets forth no special ground for equitable relief. The bill was sworn to April 29, 1885, six days before the patent would expire. It was filed May 1, 1885, and the subpœna to appear and answer was served May 2, 1885. The defendant interposes a demurrer for want of equity, which also alleges want of jurisdiction in the court, because the plaintiff has an adequate remedy at law. It is provided by section 723, Rev. St., that "suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law." If there is such a remedy at law, when the defendant is brought into the court of equity; if there is not, in good faith, at that time, a case in which the court of equity could, by the exercise of its jurisdiction in the ordinary course of procedure, give to the plaintiff the most moderate measure of equitable relief which he prays, or would be entitled to, on his allegations; if the coming into the court of equity appears to be a pretense to avoid a court of law; the court of equity should not entertain the case. The jurisdiction conferred by section 4921, Rev. St., is "to grant injunctions according to the course and principles of courts of equity, to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable; and, upon a decree being rendered in any such case for an infringement, the complainant shall be entitled to recover, in addition to the profits to be accounted for by the defendant, the damages the complainant has sustained thereby; and the court shall assess the same, or cause the same to be assessed under its direction." Not only, as is suggested in *Root* v. *Railway Co.* 105 U. S. 189, 206, does the language of section 4921 seem to make the power to award profits and damages dependent upon the power to grant an injunction, but the general "course and principles of courts of equity" make the right to an account dependent on the right to an injunction. *Higginbotham* v. *Hawkins*, L. R. 7 Ch. App. 676; *Baily* v. *Taylor*, 1 Russ. & M. 73; *Smith* v. *London & S. W. Ry. Co.* Kay, 408. In speaking here of "power" and "right," I refer to entertaining the suit at all, and not to the power to give proper relief, in an equity suit properly brought, where the patent expires during the pendency of the suit. This power was exercised in *Lake Shore Co.* v. *Car-brake Shoe Co.* 110 U. S. 229, S. C. 4 Sup. Ct. Rep. 33, and in *Consolidated Valve Co.* v. *Crosby Valve Co.* 113 U. S. 157, S. C. 5 Sup. Ct. Rep. 513.

In the present case, the sole object of the bill plainly appears to be to obtain pecuniary compensation, in the shape of profits or dam-

ages, in a case where no injunction of any kind could be obtained; for, by the rules of the court, a notice of eight days of a motion for an injunction is required. The coming into a court of equity under such circumstances will not be permitted. *Betts* v. *Gallais,* L. R. 10 Eq. 392. As the bill does not show that an action at law for damages would be an inadequate remedy for the wrongs complained of, and no *bona fide* ground for equitable relief is presented, the demurrer is allowed, with costs.