NEW YORK BELTING & PACKING Co. *v.* MAGOWAN and others.[1]

(*Circuit Court, D. New Jersey.*  March 5, 1886.)

1. PATENTS FOR INVENTIONS—INJUNCTION AFTER PATENT EXPIRES.
    Courts are authorized to grant an injunction, after the expiration of a patent, to restrain the sale of infringing articles made during its term, and often exercise such authority when the circumstances warrant it.
2. SAME—WHAT CIRCUMSTANCES JUSTIFY INJUNCTION.
    Where the defendants were advised of the claim that their manufacture was an infringement of complainant's patent, and a suit was pending for such infringement, *held*, that there was a proper case for interference, by injunction, after the patent expired, to restrain the selling of infringing articles made during its term.

On Settlement of Decree.
*Turner, Lee & McClure,* for complainant.
*F. C. Lowthorp, Jr.,* for defendants.

NIXON, J. The question raised in this case is whether, after the expiration of the patent sued on, the court ought to include in the decree an injunction against the defendants' using or selling the infringing articles manufactured by them during the life of the patent. The bill of complaint prayed for an injunction, and for an account of profits and damages. On filing the bill, an application was made for a preliminary injunction, affidavits were put in by the defendants, which suggested a doubt concerning the validity of the complainant's invention, and, as the defendants were pecuniarily responsible, the

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

court denied the injunction, but required a bond and monthly statement, under oath, of the sales.  Before a final decision of the suit was reached on the merits, the patent expired.  The defendants now object to any injunction restraining them from selling any of the vulcanized rubber packing, infringing the patent of the complainant, which was manufactured by them previous to January 26, 1886, the date of the expiration of the patent.

The counsel for the complainant is not quite correct in assuming that it is the ordinary rule to grant the injunction in all such cases; but courts are authorized to do it, and often exercise their authority when the circumstances warrant it.  *Root* v. *Railway Co.*, 105 U. S. 189.  In *American Diamond Rock-boring Co.* v. *Rutland Marble Co.*, 2 Fed. Rep. 356, Judge WHEELER, in discussing the propriety of such action, says:

"The grant to the patentee was of the exclusive right to make, use, and sell to others to be used, the invention, during the term.  The right to exclude others from making, using, and selling was the essential thing, and really all that was granted.  *  *  *  Any making for use during the term was taking from him what belonged to him.  To permit any others to make such machines during the term, and hold them till the expiration, and then use them freely as if made after, would be to permit them to make off with so much of his (the patentee's) property that the law had granted to him."

See, also, to the same effect, *American Diamond Rock-boring Co.* v. *Sheldon*, 1 Fed. Rep. 870.

The English equity practice is the same, as shown in *Crossley* v. *Gas-light Co.*, 4 Law J. Ch. (N. S.) 25, in which LYNDHURST, L. J., said:

"It was objected that the court would not interfere, etc.  The point has never yet been decided; but I am of the opinion that the court would interfere, after a patent had expired, to restrain the sale of articles manufactured previous to its expiration, in infringement of a patent-right."

I think this is a proper case for interference.  A suit was pending against the defendants, and they were advised of the claim of the complainants.  With their eyes wide open, they went on, and agreed to take the consequences.  The consequences may be serious, but if they had wished to avoid them they ought to have refrained from such manufacture until the issues raised by the pleadings had been determined.