### WESTINGHOUSE v. CARPENTER.

*(Circuit Court, S. D. Iowa. June 29, 1888.)*

PATENTS FOR INVENTION—EXPIRATION OF TERM.

After a patent, the infringement of which has been enjoined, expires, the injunction will be dissolved without reference to such articles as were manufactured while the patent was alive. The patentee may recover damages for such acts of infringement.

In Equity. On motion to dissolve injunction.

Bill by George Westinghouse against J. Fairchild Carpenter for the infringement of complainant's patent.

*J. Snowden Bell, Nathaniel French, George H. Christy,* and *William Bakewell,* for complainant.

*Banning & Banning,* for defendant.

Before MILLER, Justice, and LOVE, J.

MILLER, Justice. We are of the opinion that the motion ought to be granted. The attorney for the plaintiff practically concedes from the decisions of the courts on that subject that the motion to dissolve the injunction should be granted on account of the expiration of the patent which expired a few days ago with the expiration of a prior English patent. He, however, insists that the injunction should be continued as

to the use and sale of those articles which were manufactured and sold while the patent was alive, the manufacture of which was an infringement of this patent; that he should have the benefit of having forbidden them while the patent was in existence; and that the injunction should be continued as to the selling or using of those manufactures, notwithstanding the expiration of the patent. We are of the opinion that with the expiration of his patent the plaintiff's right to forbid anybody to make, sell, or use the articles to which this invention refers expires. His monopoly is continued for 17 years by law, or whatever period the law allows his patent to run. That monopoly is against the making, selling, or using of such articles. He has the benefit of that monopoly, and has had that benefit with regard to those articles in which he now asks to be further protected. He may recover the damages he has sustained, in this suit, which is still pending in this court. He may recover for the damages which were inflicted before the injunction was brought. And he still asks that the court shall enjoin the sale and use of those articles for which he expects to get damages. Speaking for myself,—and also for Judge Love,—I do not believe that is the true doctrine on this subject. There are some particular circumstances showing that the use of this patented article was an experiment to see whether it could be used successfully in this country ; and, under all the circumstances, we are disinclined to make any modification of the motion to dissolve the injunction, but dissolve it absolutely.