JOHNSON *v.* BROOKLYN & C. R. Co.

SAME *v.* STEINWAY & H. P. R. Co.

*(Circuit Court, E. D. New York. October 24, 1888.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—EXPIRATION OF PATENT.
An injunction against the infringement of a patent for an invention consisting of a combination of known appliances, is not violated by using the combination after the expiration of the patent.

In Equity. On motion to punish for contempt.

*Duncan, Curtis & Page,* for complainant, cited:

*Birdsell* v. *Shaliol,* 112 U. S. 487, 5 Sup. Ct. Rep. 244; *Suffolk Co.* v. *Hayden,* 3 Wall. 315; *Root* v. *Railway Co.,* 105 U. S. 189; *Needham* v. *Oxley,* 8 Law T. (N. S.) 604; *Frearson* v. *Loe,* 9 Ch. Div. 48; *Boring Co.* v. *Marble Co.,* 2 Fed. Rep. 356; *Boring Co.* v. *Sheldon,* 1 Fed. Rep. 870; *Belting Co.* v. *Magowan,* 27 Fed. Rep. 111; *Powder Co.* v. *Powder Co.,* 9 Fed. Rep. 316; *Goodyear* v. *Mullee,* 5 Blatchf. 429; *Hamilton* v. *Simons,* 5 Biss. 77; *Wells* v. *Railway Co.,* 19 Fed. Rep. 20; *Craig* v. *Fisher,* 2 Sawy. 345; *McKay* v. *Machine Co.,* 20 O. G. 372, 12 Fed. Rep. 615; *Wetherill* v. *Zinc Co.,* 5 O. G. 460; *Phillips* v. *City of Detroit,* 16 O. G. 627; *Wilson* v. *Simpson,* 9 How. 109; *Chaffee* v. *Belting Co.,* 22 How. 217; *Farrington* v. *Com.,* 4 Fish. Pat. Cas. 216; *Gottfried* v. *Brewing Co.,* 8 Fed. Rep. 322.

*Frost & Coe,* for defendants, cited:

*Reaper Co.* v. *Johnston,* 24 Fed. Rep. 739; *Mershon* v. *Furnace Co.,* Id. 741; *Lord* v. *Machine Co.,* Id. 801; *Valve Co.* v. *Valve Co.,* 26 Fed. Rep. 319; *Safety-Valve Co* v. *Gage Co.,* 113 U. S. 157, 5 Sup. Ct. Rep. 513; *Boring Co.* v. *Sheldons,* 2 Fed. Rep. 353; *Telephone Co.* v. *Kitsell,* 35 Fed. Rep. 523.

LACOMBE, J. Complainant's patent (Newman, No. 117,198, July 18, 1871) is for "the combination of an oscillating platform, arranged for operation by the weight of the draught animals (of a horse car) with a (horizontally moving) switch." In the combination only was found novelty and invention sufficient to induce the court to sustain the patent. *Johnson* v. *Railroad Co.,* 33 Fed. Rep. 499. Rocking or oscillating platforms generally, and as devices for automatic switches, were known to the art before the date of Newman's invention. Horizontally moving switches were also old. It was only the inventor's "ingenious assembling of known appliances" which Judge COXE, in the case above cited, recognized as patentable. In the case at bar the use of several infringing machines in defendants' tracks being shown, injunctions were granted during the life of the patent. Thereupon defendants ceased the use of the patented combination, disconnecting the oscillating tables from the switch-tongues, and employing men or boys to operate the switches. Some weeks, however, after the expiration of the patent, they substituted new switch-tongues for those in use when the injunction was granted, connected them with the oscillating tables, and are now using the combination of parts thus formed. Complainant contends that this is a violation of the injunction, and moves to punish defendants for contempt. His motion is based upon the principle that an infringing article or machine made

before the expiration of the patent cannot be used after such expiration, and that, upon sufficient cause shown, an injunction against such use will be indefinitely continued. The authorities cited sustain this proposition mainly upon the theory that the court could during the life of the patent order the destruction of the machine or article, and that the injunction forbidding its future use is merely the practical equivalent of such destruction. The contention of the defendant as to the effect upon this proposition of Root v. Railway Co., 105 U. S. 189, need not be now considered. The case at bar is not within those authorities. All the parts of the patented article were old; their manufacture, sale, accumulation, or use was free to all. The patentee's monopoly extended only to their combination. The infringing article would be destroyed when the combination of its parts was broken up, and the further destruction of those parts themselves which were not covered by the patent would be an interference with defendants' property not warranted by any of the authorities cited. The combination of parts in the defendants' infringing articles, having been once bona fide broken up, a recombination of the old parts after the complainant's monopoly has expired will not be enjoined. Motion denied.