### VERMILYA v. ERIE R. CO.

(Circuit Court, S. D. New York. August 30, 1898.)

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

In a suit against a railroad company for infringement of a patent for a combination in a railway switch, apparently of old parts, which patent expires within two months, where defendant has in use 1,100 of the alleged infringing devices, distributed over 2,000 miles of track, an injunction pendente lite will not be granted.

Motion for preliminary injunction.

A. G. N. Vermilya, in pro. per.
Joshua Pusey, opposed.

LACOMBE, Circuit Judge. The patent sued upon will expire November 1, 1898,—about two months after argument of this motion. The patented invention is a railway switch, and defendant now has in actual use 1,100 of the infringing devices, scattered over 2,000 miles of track. It is the practice in this circuit, when injunctions are granted in similar cases, to allow defendant a reasonable time to prepare for removal, and the necessary substitution of other switches, and to require removal only in installments,—so many each month,— in order that the running of the road be as little interfered with as possible. If injunction thus phrased be issued in this suit, very few of the infringing devices would be removed before expiration of the patent. The patent, as appears from the claim, is for a combination, apparently of old parts; and after expiration of the patent the same old parts might be used to restore the combination destroyed in obedience to the injunction. Johnson v. Railroad Co., 37 Fed. 147. Under these circumstances injunction pendente lite should not be granted. Motion denied.