## MILLER v. SCHWARNER.

(Circuit Court, S. D. Iowa, C. D. June 3, 1904.)

### No. 2,414.

1. PATENTS—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

    A court of equity is without jurisdiction of a suit for infringement of a patent where process was not issued until six days before the expiration of the patent, and was returnable thereafter, and no application was made for a preliminary injunction, nor special ground therefor alleged in the bill.

In Equity. Suit for infringement of patent. On demurrer to bill.

Louis K. Gilson, for complainant.
W. S. Cooper, for defendant.

REED, District Judge. The bill prays for an injunction, preliminary and perpetual, and for an accounting and damages because of an alleged infringement by defendant of reissued letters patent No. 10,980 for "a new and useful hame tug," granted to complainant for 17 years from September 14, 1886. The defendant demurs to the bill upon the grounds, in substance, among others, that it does not show a cause for equitable cognizance, in that the patent had expired before the defendant was required to appear or answer, and that complainant had an adequate remedy at law. The bill was filed September 1, 1903, subpœna served September 8th, returnable at the October rule day following, which was October 5, 1903. The patent expired September 14, 1903, 6 days after the subpœna was served, and 21 days before defendant was required to enter an appearance in the suit. No notice was given of an application for an injunction pending the suit, and no application was made therefor. It is plain that, before the defendant would have been in default for want of an answer, or appearance even, the patent would have expired. Under such circumstances an injunction

should not issue, except for special reasons alleged in the bill calling for equitable relief other than the mere infringement of the patent, and the complainant should be left to his remedy at law.

The Revised Statutes of the United States provide:

"Sec. 723. Suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law." [U. S. Comp. St. 1901, p. 583.]

"Sec. 4919. Damages for the infringement of any patent may be recovered by action on the case in the name of the party interested, either as patentee, assignee, or grantee, and whenever in any such action a verdict is returned for the plaintiff the court may enter judgment thereon for any sum * * * not exceeding three times the amount of such verdict. * * *" [U. S. Comp. St. 1901, p. 3394.]

"Sec. 4921. The several courts vested with jurisdiction of cases arising under the patent laws shall have power to grant injunctions according to the course and principles of courts of equity to prevent the violation of any right secured by patent, on such terms as the court may deem reasonable. * * *" [U. S. Comp. St. 1901, p. 3395.]

Section 723 is held by the Supreme Court to be but declaratory of the existing law, and, whenever it appears that the complainant in a suit in the federal court has an adequate remedy at law, then this section is controlling, and equity will not entertain the suit, but will remit the parties to their legal remedy. New York Guaranty Co. v. Memphis Water Co., 107 U. S. 205, 2 Sup. Ct. 279, 27 L. Ed. 484; Wehrman v. Conklin, 155 U. S. 314, 15 Sup. Ct. 129, 39 L. Ed. 167.

In Root v. Ry. Co., 105 U. S. 189, 26 L. Ed. 975, the grounds upon which courts of equity will entertain jurisdiction in patent and other cases are clearly stated, and the authorities, English and American, fully reviewed. At page 212, 105 U. S., 26 L. Ed. 975, it is said:

"The result of the argument is that whenever a court of law is competent to take cognizance of the right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury."

The conclusion reached is that under section 4921 [U. S. Comp. St. 1901, p. 3395] equity will entertain suits for infringement of patents only when the bill shows that a part of the complainant's remedy is an injunction, and, if the patent has expired, the injunction will not be granted, and the case should not be retained in equity for an accounting and damages only.

In Mershon v. Pease Furnace Co. (C. C.) 24 Fed. 741, Mr. Justice Blatchford says:

"Not only, as is suggested in Root v. Ry. Co., 105 U. S. 189, 206 [26 L. Ed. 975], does the language of section 4921 seem to make the power to award profits and damages dependent upon the power to grant an injunction, but the general 'course and principle of courts of equity' make the right to an accounting dependent on the right to an injunction."

There are no facts alleged in the original bill in this case as grounds of equitable relief other than the issuance of the patent and its alleged infringement, and it is upon this ground alone that the injunction, preliminary and perpetual, is prayed. During the

argument upon the demurrer the complainant asked and was granted leave to file an amendment to the bill, and on May 18, 1904, an amendment was filed, in which it is alleged, in substance:

"That prior to the commencement of this suit the defendant had, without the license, consent, or approval of the complainant, manufactured large numbers of hame tugs in infringement of the rights secured to complainant under said letters patent, which hame tugs the defendant intends to place upon the market and sell after the expiration of said letters patent."

By consent the demurrer is to apply to the bill as so amended. It is urged by counsel for complainant that this amendment brings the case within the rule announced by Mr. Justice Blatchford in Toledo Mower & Reaper Co. v. Johnston Harvester Co. (C. C.) 24 Fed. 739. In that case a similar, though much stronger, averment of special reasons calling for equitable relief appeared in the original bill. There was time, in the ordinary course of the proceedings of the court, to have obtained an injunction after the filing of the bill and before the expiration of the patent; and it is plain that it was upon this ground that the injunction was granted, for in Mershon v. Pease Furnace Co., above, the opinion in which was filed the same day, Mr. Justice Blatchford sustained a demurrer to a bill when there was not time to procure a writ of injunction in the ordinary course of the proceedings of the court before the patent would expire.

In Westinghouse v. Carpenter (C. C.) 43 Fed. 894, Mr. Justice Miller, in dissolving an injunction previously issued during the life of a patent, said:

"We are of the opinion that with the expiration of his patent the plaintiff's right to forbid anybody to make, sell, or use the articles to which this invention refers expires."

See American Cable Ry. Co. v. Chicago City Ry. Co. (C. C.) 41 Fed. 522, cited with approval by the Supreme Court in Keyes v. Eureka Consolidated Mining Co., 158 U. S. 150, 15 Sup. Ct. 772, 39 L. Ed. 929. Also, see Crandall v. Plano Mfg. Co. (C. C.) 24 Fed. 738, and Consolidated Safety Valve Co. v. Ashton Valve Co. (C. C.) 26 Fed. 319.

In Clark v. Wooster, 119 U. S. 392, 7 Sup. Ct. 218, 30 L. Ed. 392, it is said:

"If by the course of the court no injunction could have been granted in this time [before the patent would expire], the bill could very properly have been dismissed, and ought to have been."

It is held in this case, however, that if the suit be commenced in such time that by the rules of the court an injunction might have been obtained before the expiration of the patent, though but a few days would then remain for it to run, the discretion of the court in granting the writ would not be interfered with on appeal, especially where there might be some reason for its issuance, though upon narrow grounds, and the defendant did not ask for the dismissal of the bill for want of equitable jurisdiction. In this case the amendment is not made until more than eight months after the expiration of the complainant's patent. There is no allegation of insolvency in the bill or the amendment thereto; nor of any other fact showing that the com-

plainant has not a full, complete, and adequate remedy at law for the recovery of all damages he has sustained or may sustain by reason of the alleged infringement of the patent, or of any sales that may be made after the expiration of the patent of articles that were manufactured before. It is apparent that the purpose of the amendment is an attempt to retain the case in equity for an accounting and damages when no injunction could be issued as a part of the complainant's remedy.

The demurrer is sustained, and the bill dismissed, without prejudice to complainant's right to maintain an action at law for damages.