## UNDERWOOD TYPEWRITER CO. v. ELLIOTT–FISHER CO.

(Circuit Court, S. D. New York. September 13, 1907.)

**1. PATENTS—INFRINGEMENT—TABULATING ATTACHMENT FOR TYPEWRITERS.**

The Gathwright patent, No. 436,916, for a tabulating attachment for typewriters, construed, and *held* infringed on a motion to punish a defendant for contempt in violating a preliminary injunction restraining it from infringement of such patent.

**2. SAME—SUIT FOR INFRINGEMENT—IMPOUNDING OF INFRINGING ARTICLES.**

A court of equity has power on a preliminary motion in a suit for infringement of a patent, when a prima facie case is made, to order the marshal or a receiver to take possession of infringing articles in the possession of defendant, and to hold them until a final decree.

**3. SAME—INFRINGEMENT—SALE AFTER EXPIRATION OF INFRINGING ARTICLE MADE BEFORE.**

The making of articles which infringe a patent during the existence of the monopoly which is created by that patent is in violation of the patent law, and infringing articles so made during the life of a patent cannot lawfully be sold after its expiration.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 360.]

In Equity. On motion to punish for contempt for violation of injunction.

Briesen & Knauth (Arthur v. Briesen and Eugene Eble, of counsel), for the motion.

Robert Fletcher Rogers (William A. Redding, Alfred W. Kiddle, and Philip T. Dodge, of counsel), opposed.

HOLT, District Judge. This is a motion to punish the defendant for contempt of court for violating a preliminary injunction in a patent suit, and for an order requiring the defendant to deliver up to the marshal certain machines alleged to have been made in violation of the injunction. The suit was a suit in equity, in the usual form, to restrain the alleged infringement of United States patent No. 436,916, issued September 23, 1890, to Josiah B. Gathwright. An order for a preliminary injunction was consented to by the defendant. The injunction as issued restrained the defendant, among other things, from making, using, vending, or delivering typewriting machines such as had theretofore been made by the defendant, and from imitating the invention of claims 4 and 5 of said Gathwright patent. The defendant thereupon made a certain change in its machines, and has been selling the changed machines. By consenting to the preliminary injunction, it admitted that the machines which originally made infringed. It claims that the machines which it now makes, with the changes which it introduced, do not infringe, and the sole question upon the motion is whether the changes which have been made have converted the machine from one which infringed into one which does not infringe.

Gathwright's invention relates to an improvement in a tabulating attachment for a typewriting machine. The Circuit Court of Appeals in its opinion describes the principal features of Gathwright's invention as being, "first, a supplemental spacing key which is exclusively devoted to the tabulating attachment, and performs no function except in connection therewith." This key performs two functions, one to dis-

engage an ordinary detent or feed dog from the rack, which permits the carriage of the typewriter to pass to a desired point, where it is stopped by an arm of the feed bar coming into contact with adjustable lugs affixed to the stop rod. The second function is to raise the stop rod, so that the adjustable lugs shall stop the movement of the carriage. When the pressure on the key is released, the rod returns to its former position, the lugs are removed out of the path of the carriage, and the machine is free to resume the ordinary action in typewriting, proceeding step to step. The use of a key moving a lever to disengage the detent, thus leaving the carriage of the typewriter free to pass over any desired space, is old, but the use of a spacing key fitted to a tabulating attachment, which is entirely distinct from the apparatus of the machine, by which the exact space at which the tabulation should begin can be fixed in advance, and the machine moved over to the precise point, and there stopped mechanically, was novel with Gathwright. As the Circuit Court of Appeals says (Wagner Typewriter Co. v. Wyckoff, 151 Fed. 587, 81 C. C. A. 129):

"Generally speaking, the patentee's contribution to the art consists in providing an independent mechanism operated by a separate spacing key by which adjustable stop lugs can be brought into contact with a portion of the feed carriage, thus dispensing with the use of the small and comparatively delicate feed dog, or detent, to bear the greatly increased strain when the carriage is released from the step by step movement."

In Gathwright's patent the lever moved by the supplemental spacing key both moves the rack, so as to disengage it from the detent, and moves the stop rod so as to bring the adjustable lug in the way of the carriage. In order to accomplish this, the lever is connected both with the rack bar and the stop rod. The defendant's original machine was so constructed, but the machine which it is now selling has been changed by taking out a connecting piece of iron, described as "T1" on the drawing of defendant's typewriter. This leaves the machine with the supplemental spacing key moving the stop rod into position, and another spacing key near it disengaging the rack from the detent. These two spacing keys can be reached by one finger, and moved by one movement of the finger, the finger performing the same function that was formerly performed by the connecting piece of iron. The defendant claims that the essence of Gathwright's invention was that the supplemental spacing key operated both levers. This claim is substantially based on the statement, at line 50 of the second page of the patent, that the "supplemental spacing key has only one service to perform. When it is pressed down in operation, it releases the carriage-detent, and places an adjusted stop in the path of the carriage to arrest it at the desired point." It is claimed that the patent shows that this is the substance of the invention, not only in the language of the specification, in which it is stated that the supplemental spacing key has only one service to perform, but in the language of both the fourth and fifth claims relied on, one of which claims a connection between the stop rod and the rack bar, and the other of which claims a spacing key provided with a mechanism for releasing the carriage from the detent and for simultaneously interposing an adjustable stop. It is clear that, in the particular arrangement of the machine as described

in the patent, one key performs two functions, releasing the detent and moving the lug into position, and such an arrangement is obviously more simple and desirable than to use two keys, one releasing the detent, and one moving the lug; but in my opinion the essence of Gathwright's invention was not the release of the detent and the movement of the stop rod by the use of one key, but was the independent tabulating apparatus, by the use of the stop rod and adjustable lug in connection with the supplemental spacing key. The use of a key to release the detent was old. It was a clever idea to connect that lever with the lever moving the stop rod, but the use of the stop rod with the adjustable lugs independently moved by the supplemental key was substantially an improvement, and was so held to be by the Circuit Court of Appeals. The defendant admittedly at present uses that improvement, and the fact that it has removed a piece of iron which connected the lever which released the detent and the lever which moved the stop rod in my opinion does not make its present machine any less an infringement of the Gathwright patent than the machine which the defendant admitted was an infringement by its consent to the granting of the preliminary injunction. My conclusion is therefore that the defendant, by making and selling such machines as the one purchased by Merrikan, was guilty of a violation of the preliminary injunction.

Part of the motion is for an order requiring the defendant to deliver up to the marshal the typewriting machines referred to in the moving papers; that is, those substantially similar to those purchased by Merrikan. I do not think that the court would have the power, on a preliminary motion, to order infringing articles to be delivered up and destroyed before a final decree in the case, but it seems to me that it has power, when a prima facie case is made, to order the marshal or a receiver to take possession of infringing articles, and to hold them until a final decree. The papers show that it was the purpose of the defendant, upon the expiration of the complainant's patent, on September 27th of this year, to replace the part which has been removed. The inevitable inference is that it intends to thereupon sell machines manufactured during the life of the patent which infringed the patent. The weight of authority seems to me to hold that goods manufactured during the life of a patent which infringed it cannot be sold or used after the expiration of the patent. The making of such goods during the existence of the monopoly which is created by that patent is in violation of the patent law, and, in my opinion, it is not until after the expiration of the patent that business rivals are at liberty to manufacture articles in conformity with the invention described in the patent for the purpose of selling them. Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975; Toledo Co. v. Johnston Co. (C. C.) 24 Fed. 739, 741; N. Y. Belting & Packing Co. v. Magowan (C. C.) 27 Fed. 111; American Diamond Rock Boring Co. v. Rutland Marble Co. (C. C.) 2 Fed. 356; Crossley v. Gas Light Co., 4 Law J. Ch. (N. S.) 25; Curtis on Patents, § 436; 3 Robinson on Patents, § 908.

My conclusion is that the defendant should be adjudged guilty of contempt. As a punishment therefor, the defendant is hereby fined $1,000. An order will also be entered directing the marshal to take into his possession and keep until the final determination of this suit

all machines in the possession of the defendant, or its agents, substantially similar to those purchased by Merrikan. If the complainant desires, a master will be appointed to superintend the taking and delivery of said infringing machines, and to take testimony and pass upon any controverted question arising in the proceeding. The order should be settled upon notice.