HALL SIGNAL CO. et al. v. GENERAL RY. SIGNAL CO.

(Circuit Court, W. D. New York.  June 18, 1909.)

No. 284.

PATENTS (§ 317*)—SUIT FOR INFRINGEMENT—INJUNCTION.

In a suit for infringement of a patent for a railway signaling apparatus and system, consisting of the use in a combination of old elements, which expired pending the suit, the complainant *held* not entitled to a provision in the final decree enjoining the defendant from selling any apparatus made during the life of the patent; it appearing that the parts were capable of use in noninfringing systems.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 317.*]

In Equity.  On settlement of final decree.
See, also, 168 Fed. 62.

Kenyon & Kenyon and Henry D. Williams, for complainants.
Macomber & Ellis and J. William Ellis, for defendant.

HAZEL, District Judge.  The patent in this action has expired, and the mandate of the Circuit Court of Appeals affirming the decision of this court, holding claim 1 of the patent valid and infringed, directs that further proceedings be had in accordance with the decision of this court, and the opinion of Judge Coxe, writing for the court, says:

"The patent having expired, the paragraph of the decree providing for an injunction should be modified by the Circuit Court."

Accordingly the decree submitted by complainant enjoins the defendant from dealing in any signaling apparatus or systems embodying the invention, or any part thereof, which were constructed before the expiration of the patent.  The defendant objects to the entry of the proposed decree on the ground that in the circumstances of this case such an injunction should not be granted after the monopoly has expired.  The cases cited in complainant's brief (American Diamond Rock Boring Co. v. Rutland Marble Co. [C. C.] 2 Fed. 356; American Diamond Rock Boring Co. v. Sheldon et al. [C. C.] 1 Fed. 870; N. Y. Belting & Packing Co. v. Magowan et al. [C. C.] 27 Fed. 111; Toledo Mower & Reaper Co. v. Johnston Harvester Co. [C. C.] 24 Fed. 739) as authoritative of the proposition that the defendant should be enjoined in the final decree from using any part of the signaling apparatus and system are not believed, in view of the peculiar facts of the case, to be decisive.  In the cases cited the infringing devices were machines which had been manufactured before the expiration of the patent, and the defendants were actually using and vending such infringing machines at the time of the expiration.  In the present case we are concerned with a combination of old elements, consisting of signaling circuits, circuit openers, and circuit breakers, tracks, batteries, relays, posts, and signaling blades, which, to infringe claim 1 of the patent in suit, must be first assembled, combined, and posi-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tioned in a certain manner, and then by the movements of a passing train upon one of the rail circuits the signaling circuit broken and the signal blade actuated. The independent elements or parts producing the result have not been patented. The defendant could not be prevented from manufacturing such independent elements or parts for use in signaling apparatuses or systems which are not infringements of the complainant's patent. In other words, the different parts are usable in a railway signal system which is not an infringement of complainant's system.

It might be that in certain circumstances a court of equity would enjoin the use of different parts or independent elements designed to be used in a patented combination to produce a new and useful result, which elements or parts were made prior to the expiration of the patent; but I do not think that the peculiar facts of this case call for such interference. It is not shown that the defendant has manufactured any elements or parts of the signaling apparatus prior to the expiration of the patent with a view of putting them, singly or in combination, on the market. Besides, the defendant does not infringe claim 1 of the Wilson patent, No. 470,813, save by installing a so-called normal danger system of circuits embodying the patented combination, which by reason of the method adopted in combining the elements produces a new result, as distinguished from a familiar method of signaling. I think the principle of Johnson v. Brooklyn & C. R. Co., 37 Fed. 147, 2 L. R. A. 489, and Vermilya v. Erie Railroad Co. (C. C.) 89 Fed. 96, which are decisions by Judge Lacombe, is more nearly in point.

The objectionable portions of the proposed decree must be eliminated.