### KEYSTONE TYPE FOUNDRY v. WYNKOOP.

(District Court, S. D. New York. September 14, 1916. Decree November 23, 1916.)

#### No. 11–254.

1. PATENTS ⬀328—VALIDITY AND INFRINGEMENT—DESIGN FOR FONT OF TYPE.
   The Smith design patent, No. 38,855, for a design for a font of type, *held* not anticipated and to disclose patentable invention; also, infringed.

2. PATENTS ⬀317, 319(1)—SUIT FOR INFRINGEMENT—EFFECT OF EXPIRATION OF PATENT.
   Where a patent has expired during the pendency of a suit in equity for its infringement, an injunction will not be granted, but damages may be awarded for infringement during the time it was in force.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 559–565, 577, 578, 580, 581, 583, 584, 586.]

In Equity. Suit by the Keystone Type Foundry against David S. Wynkoop. On final hearing. Decree for complainant.

Ernest W. Bradford, of Washington, D. C., for plaintiff.
R. S. Harvey, of New York City, for defendant.

SHEPPARD, District Judge. [1] In addition to the defenses set up by the defendant's answer filed in Eq. 3–17 (which record is made a part of the files of this case No. 11–254 by stipulation), another is interposed by way of amendment allowed under order of court dated March 10, 1913, assailing the validity of plaintiff's design patent No. 38,855 of October 8, 1907, for a font of type on the ground that the

substantial and material parts thereof were previously patented by the same party under patent No. 37,379, March 21, 1905, and was therefore void as against the spirit of the patent laws 'for double patenting. It appears from the record that a motion by defendant to dismiss complainant's bill on the ground that the patent in suit was not for a design within the meaning of the statute was heard, and, after argument by counsel for both sides, was overruled by Judge Grubb of this court on August 5, 1914.

A number of patents were introduced in evidence to show the prior state of the art. These do not show to the court such a universal knowledge of the features which the plaintiff's patent No. 38,855 sought to protect as would require a limitation of its claim. While one or two letters or figures of the font may be similar to the like character or characters in the fonts of the prior patents, a casual examination clearly demonstrates that as a whole there is such dissimilarity of configuration and ornamentation of the font described in patent No. 38,-855 as involves patentable novelty. The defendant's font as shown by the exhibits in evidence is an exact copy of that covered by plaintiff's patent No. 38,855 and as such constitutes an infringement.

[2] The monopoly granted to the Smith patent, No. 38,855, expired October 8, 1914. The prayer for injunction is therefore not now material or important to plaintiff. However, an order will be entertained referring to a master the question of amount of damages sustained by plaintiff through the infringement during the period in which the monopoly was in force.

### Decree.

This case coming on to be heard on September 8, 1916, on plaintiff's bill and defendant's answer and amended answer, and on testimony in chief for plaintiff, testimony for defendant, and testimony in rebuttal for plaintiff, and on argument by counsel for each party, it is hereby ordered, adjudged, and decreed as follows: That plaintiff's design patent, No. 38,855, granted October 8, 1907, for an invention in a design for a font of type, was for a good invention under the statute, and not anticipated by any of the numerous prior patents or showing in prior publications introduced in evidence by defendant, and that said patent was therefore valid; that the type as manufactured and sold by defendant, as shown by the exhibits of evidence in the case, is an exact copy of the design forming the subject-matter of plaintiff's said patent, No. 38,855, and that its manufacture and sale constituted an infringement of plaintiff's rights as granted under said patent; that, the patent having expired since suit was begun, no injunction will be granted, but plaintiff may have judgment for the amount of its damages sustained through the infringement of its said patent by defendant prior to October 8, 1914, the day on which said patent expired; that the case be referred to a master to determine the amount of damages so sustained; and that plaintiff have judgment for its costs in this cause sustained.