## FULTON CO. v. BISHOP & BABCOCK CO.

## BISHOP & BABCOCK CO. v. FULTON CO.

(Circuit Court of Appeals, Sixth Circuit.
March 8, 1927. Rehearing Denied
March 18, 1927.)

Nos. 4490, 4491.

**1. Patents** ⬅⇒316—**Sale of article made in infringement of process patent may be enjoined, as well as further practice of process.**

On holding process patent infringed, injunction may be awarded, not only against further practice of process, but also against sale of any article made in infringement of process patent, since such injunction does not extend term of patent.

**2. Patents** ⬅⇒322—**Where reasonable royalty may be measure of damages for infringement, master should find and report what such royalty would be.**

In cases where that measure of damages for infringement may be applicable, master should find and report what a reasonable royalty would be.

On Motion for Rehearing.

**3. Patents** ⬅⇒175—**Process claims must stand or fall on their merits as compared with prior art, and are not dependent on product claims.**

Process claims must stand or fall on their merits as compared with prior art, and are not dependent on product claims, since a product is normally capable of resulting from different and varying processes, and identity of product does not necessarily indicate identity of process.

Appeals from the District Court, of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Patent infringement suit by the Fulton Company against the Bishop & Babcock Company. From the decree (17 F.[2d] 999), plaintiff appeals, and defendant cross-appeals. Modified and affirmed.

L. H. Sutton, of Washington, D. C. (W. B. Kerkam, of Washington, D. C., Bates, Macklin, Goldrick & Teare, of Cleveland, Ohio, and Mauro, Cameron, Lewis & Kerkam, of Washington, D. C., on the brief), for appellant and cross-appellee.

H. B. Fay and John F. Oberlin, both of Cleveland, Ohio (J. B. Fay, of Cleveland, Ohio, and Allen & Allen, of Cincinnati, Ohio, on the brief), for appellee and cross-appellant.

Before DENISON and MOORMAN, Circuit Judges, and COCHRAN, District Judge.

PER CURIAM. After careful review, we are satisfied with the disposition of this case made by the District Judge, and approve his treatment of the questions involved. We have held the case an unduly long time, in the expectation that we would be able to give the case a somewhat independent treatment; but it seems impracticable to do so. We therefore approve the opinion below, in which will be found a full statement as to the patents and the questions involved.

From the fact that the product patent is held not infringed, we cannot draw the inference which the defendant now urges upon us. The new product which Fulton devised was a very thin and flexible metal bellows, made from a very thin walled metal tube, by known processes of working, then for the first time adopted for and adapted to the peculiarities of that problem; but to describe the product in this way is to import the process into the claims of the product patent, and for technical—and perhaps substantial—reasons such a method of description may not usually, if ever, be employed in a patent upon the article so produced. The result was that, in order to get an acceptable, identifying claim description for the product, Fulton was compelled to limit it to relatively immaterial physical peculiarities. This limitation now results in a holding that this patent is not infringed; but we do not see that this holding should have any reflex action, direct or indirect, upon the process patent.

[1] One thing remains. The decree below, not only awarded an injunction against the further practice of the process, but enjoined the sale of any article which had been made in infringement of this process patent. At the time of the decree below, the patent had a relatively short time to run. It now has only six months. Defendant contends that this extension of the injunction, so as to forbid sales after the patent expires, of articles made before that time, extends the term of the patent, and is not to be permitted.

The precise point does not seem to have been determined; but it is fairly well settled that the patent upon an article will be enforced by forbidding sales, after the patent expires, of infringing articles made before the expiration. The leading case is Crossley v. Darby Co., 4 Law Journal (N. S.) Chancery 25. Lord Chancellor Lyndhurst said,—though doubtless obiter: "I am of opinion that the court would interfere, after a patent had expired, to restrain the sale of articles manufactured previous to its expiration in infringement of a patent right, and that a party would not be allowed to prepare for the expiration of a patent by illegally manufacturing articles, and immediately after its expiration to deluge the markets with the products of his piracy, thus reaping the re-

ward of his improbous labor in making it. The court would, I say, in such case restrain him from selling them, even after the expiration of the patent."

This doctrine and the resulting one that infringing articles may, if necessary, be destroyed, has ever since been commonly accepted by courts and text-writers. American Co. v. Sheldon (C. C., Wheeler, D. J.) 1 F. 870; American Co. v. Rutland (C. C., Wheeler, D. J.) 2 F. 356; Toledo Co. v. Johnson Co. (C. C., Blatchford, Justice) 24 F. 739, 741; New York Co. v. McGowan (C. C., Nixon, D. J.) 27 F. 111; Underwood Co. v. Elliott Co. (C. C., Holt, D. J.) 156 F. 588, 590; Motion Co. v. Centaur Co. (D. C., Hunt, C. J.) 217 F. 247, 252; Robinson on Patents, § 908. But see Westinghouse v. Carpenter (C. C.) 43 F. 894. In Merrill v. Yeomans, 94 U. S. 568, 24 L. Ed. 235, the right of the manufacturers to sell the product, even during the patent term, was not involved; the defendants were purchasers from the makers.

We see no reason why the same rule does not apply where the article has come into existence through infringing the monopoly of manufacture given by the process patent as well as when the infringement has been of the monopoly of manufacture given by the article patent. In the latter case, no violation of the patent law comes merely from selling the article after the patent expires; the violation is indirect; the basic reason of the result is that the article itself came into existence in violation of law. Its conception and birth were tainted. To permit it to be sold would be to impair the patent grant by shortening its term. Damages are not an adequate remedy, for the same reasons that always apply during the patent term. We see no distinction in the fact that the product patent which Fulton obtained did not cover this article. The rights of the infringer of the process patent should not be increased because Fulton also obtained a product patent, which of itself was not very effective. We think the District Court was right in the effect directed for the injunction.

[2] However, the case is one where the master should find and report, as a finding of fact, what a reasonable royalty would have been during the infringement, or from time to time during the infringement, so that the court will have the data for applying that measure of damages, if it shall decide that

such measure is appropriate in whole or in part. A provision to this effect should be added to the decree, and, as so modified, it will be affirmed, with costs of this court. In view of the short time remaining in which an injunction against the process can be effective, the mandate will issue forthwith.

Upon Application for Rehearing.

PER CURIAM. It is said that the opinion mistook the position of defendant below in respect to the relation of the two patents in suit; that defendant did not contend for an inference of noninfringement of the process patent from "the fact that the product patent is held not infringed"; but that defendant's contention was intended to be this: "The broader product claims having been rejected as being merely the inevitable product of certain prior art processes, and this rejection having been acquiesced in by Fulton, obviously the process claims must be similarly construed to distinguish from those same prior art processes, or else they are themselves anticipated."

[3] We cannot agree with this contention. It is true the process and product patents were copending as divisional applications; but this does not necessarily affect their mutual independence. The Patent Office held that the product described in the broader terms Fulton first used was old, because it would have been the inevitable result of an old and known process, whereupon Fulton limited his product claim to avoid this rejection. Not only can no technical estoppel be carried from one application into another associated one, but there is in this situation not even an implied admission that the old process cited was the same as the process which Fulton was broadly claiming in the other application. A product is normally capable of resulting from different and varying processes; it is not new if it has theretofore been produced by any process; the identity of product does not necessarily indicate identity of process; and hence Fulton's process claims must stand or fall upon their merits as compared with the prior art. We are holding in Perkins Glue Co. v. Holland Furniture Co., 18 F. (2d) 387, opinion this day announced, that a limiting disclaimer as to a method claim does not necessarily limit a product claim of the same patent.

The rehearing application is denied.