## AMERICAN SAFETY DEVICE CO. v. KURLAND CHEMICAL CO. et al.

### No. 108.

Circuit Court of Appeals, Second Circuit.

Jan. 8, 1934.

C. P. Goepel, of New York City, for appellant.

Alexander Mencher, of New York City, for appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff owns, and brought this suit for the infringement of, two patents, viz., No. 1,164,587 to Faulkner, December 14, 1915, and No. 1,388,262 to Johnston, August 23, 1921. The second patent is not involved in this appeal. The first expired after the suit was brought. The facts were stipulated. So far as now material they are as follows:

During the life of the patent (No. 1,164,-587) the defendant Harry Kurland constructed twenty-four machines which infringed. Twelve of them have been used and the remainder have not. They have all been in the possession of defendant Harry Kurland within the Eastern District from the time they were made. The bill of complaint in this suit was filed November 17, 1932. The patent expired December 14, 1932. The pecuniary damages to the plaintiff caused by the infringing acts of the defendants and the profits of the defendants are nominal. An accounting was waived. The question presented to the court for decision on these facts was "whether an injunction should issue against defendant, Harry Kurland, restraining further use of said twenty-four (24) machines under claims 1, 2 and 3 of said patent No. 1,164,587 of December 14, 1915, though it has expired pendente lite, to wit, on December 14, 1932." The injunction was denied and this appeal followed.

It will be noticed that there is nothing to indicate any danger that the defendants will sell or otherwise dispose of these machines to third parties. Indeed, the only issue, as the cause was submitted, was whether their further use by Harry Kurland should be enjoined. Nor does it appear that they were made in anticipation of the expiration of the patent.

We need not now decide whether an injunction may issue, after a patent has expired, to restrain the further use of infringing machines made during the life of the patent. See Rice & Adams Corporation v. Lathrop, 278 U. S. 510, 49 S. Ct. 220, 73 L. Ed. 480; Fulton Co. v. Bishop & Babcock Co. (C. C. A.) 17 F.(2d) 1006; Underwood Typewriter v. Elliott-Fisher Co. (C. C.) 156 F. 588; American Diamond Rock-Boring Co. v. Sheldon (C. C.) 1 F. 870. Assuming that one would be proper in such a case where there was danger of irreparable injury or a multiplicity of suits, or some like need for the intervention of a court of equity, there is nothing in this case to warrant it. If Kurland's use of these machines causes the plain-

tiff any damage, a recovery of such damage in terms of money will be sufficient recompense. Injunctions are granted only on equitable grounds. Where there is a plain and adequate remedy at law, as where damages in money will afford complete relief, there is no basis for the intervention of equity in patent litigation. Parker v. Sears et al., 18 Fed. Cas. page 1159, No. 10,748. Even where there is equitable jurisdiction an injunction will not be granted in a patent suit as a matter of course. LeRoy v. DeVry Corp. (C. C. A.) 16 F.(2d) 18. See, also, Keystone Type Foundry v. Wynkoop (D. C.) 239 F. 355; Sly Mfg. Co. v. Pangborn Corp. (D. C.) 263 F. 394; Johnson v. Brooklyn & C. R. Co. (C. C.) 37 F. 147, 2 L. R. A. 489.

Affirmed.