**ROCHE PRODUCTS, INC., Plaintiff,**

v.

**BOLAR PHARMACEUTICALS CO., INC., Defendant.**

No. CV 83–4312.

United States District Court, E.D. New York.

Oct. 13, 1983.

**256**

John C. Vassil, P.C., Morgan, Finnegan, Pine, Foley & Lee, New York City, for plaintiff.

Robert V. Marrow, Salon, Marrow, Dyckman & Trager, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This matter comes before the court as an action to permanently enjoin certain acts as threatened infringement of a patent. Suit was originally filed in U.S. District Court in New Jersey pursuant to 35 U.S.C. §§ 271 and 283, and under the grant of jurisdiction provided in 28 U.S.C. § 1338. After District Judge H. Lee Sarokin issued a temporary restraining order on September 2, 1983, defendant was granted a change of venue pursuant to 28 U.S.C. § 1406(a). District Judge Debevoise transferred venue to the Eastern District of New York for a hearing on the preliminary injunction, which was scheduled for October 5, 1983.

At that time plaintiff moved to consolidate the hearing with a trial on the merits pursuant to Rule 65(a)(2) Fed.R.Civ.P. Defendant did not oppose and the court ordered the hearing consolidated with a trial on the merits.

Plaintiff Roche Products, Inc. (Roche) holds patent number 3,299,053 for flurazepam hydrochloride (flurazepam hcl). That compound is the active ingredient in a prescription sleeping pill manufactured by plaintiff under the brand name DALMANE. Plaintiff's seventeen year patent expires on January 17, 1984. Bolar Pharmaceutical Company (Bolar) is a generic drug company that duplicates drugs no longer under patent and sells the compounds to wholesale distributors. Bolar is in possession of five kilograms of flurazepam hcl, which it imported from a foreign manufacturer not subject to United States patent law. Plaintiff seeks to permanently enjoin defendant from performing required FDA experiments with the drug during the term of the patent.

There are no disputed facts in this case. There is no argument that the patent is for a pioneer invention and is valid and in force. Plaintiff's sales of DALMANE are in excess of $40,000,000 annually. There is no contention that Bolar will manufacture or sell flurazepam hcl before the patent expires, nor is it contended that Roche has authorized Bolar to make, use or sell the drug. Defendant acknowledges that it is in possession of five kilograms of imported flurazepam hcl and freely admits that it intends to form the compound into capsules and commence the testing and experiments necessary for a New Drug Application to the Food and Drug Administration (FDA) before the January 17, 1984 expiration date of the patent.

Title 35 U.S.C. § 271(a) provides in pertinent part:

[W]hoever without authority makes, uses or sells any patented invention, within the United States during the term of the patent therefor, infringes the patent.

Plaintiff argues that putting the drug through the FDA required testing and experimentation before the patent expires constitutes infringement under section 271(a), even if there is no intent to make, sell or otherwise realize a monetary gain until after January 17, 1984. Roche asserts that such action constitutes a *use* prohibited by the law. Bolar concedes that its tests do not fall under the infringement exception known as experimentation for philosophical, amusement, or curiosity purposes. It maintains that its testing does not constitute infringement use because it is *de minimis,* it does not by its nature infringe and no commercial value or profit will be realized before the patent on the drug expires. The defendant characterizes its activity as limited pre-expiration preparation for post-expiration entry into the market.

The question before the court is a very narrow one: does the limited use of a patented drug for experiments strictly related to FDA drug approval requirements during the last six months of the term of the patent constitute use prohibited by 35 U.S.C. § 271(a)? The court holds that it does not.

An underlying issue in this case is the procedure for getting FDA approval, without which a drug cannot be marketed. Bolar asserts that it will take two years to amass required data and obtain approval, in effect delaying entry into the market and extending the patent *de facto* for the same period. Roche claims that it is entitled to that delay in competition, but can point to no legal support. It can only be observed that patent protection is contained in a single, general body of law meant to apply to inventions of every sort, not only drug compounds. The protection is for a seventeen year fixed term and the marketing delaying regulations of the FDA could hardly be considered a part of the monopoly benefits Congress sought to bestow. *See* 35 U.S.C. § 154. Viewed from this vantage, what is at stake is a post-expiration competitive benefit for Bolar at Roche's expense.

The plaintiff urges the adoption of the reasoning and holding of the recent case of *Pfizer, Inc. v. International Rectifier Corp.,* 217 U.S.P.Q. 157 (C.D.Cal.1982). There the district court in California had issued a 1980 injunction against defendant's activities as infringement of plaintiff's drug patent. Before that court were two years of post-injunction product testing and development involving at least 400 kilograms of the drug and apparently profitable overseas manufacture and sale. The defendant in *Pfizer* was clearly doing more, for a longer period of time than Bolar intends to do here. More significantly, in *Pfizer* the defendant was reaping commercial value in defiance of a court injunction. The substantial and long term acts in violation of an injunction present in *Pfizer* are not present in the case at bar. Consequently, this court declines to make a wholesale adoption of the California court's reasoning and holding.

The *Pfizer* court, although it draws on the analysis and reasoning of cases from all the circuits, is bound by the Ninth Circuit Court of Appeals' reading of the law, which strictly limits the experimental use exception to purposes of amusement and philosophical gratification. *Spray Refrigeration Co. v. Sea Spray Fishing, Inc.,* 322 F.2d 34 (9th Cir.1963). This court, of course, is not bound by the Ninth Circuit, and although plaintiff advocates their analysis, the court instead turns to the line of reasoning followed by the Court of Appeals for the Second Circuit.

Bolar's experimentation cannot be classified as merely for amusement or philosophical gratification. At the same time, it cannot be connected with any act of competition or profit during the term of the patent in either domestic or foreign markets. Its experimentation is commercial preparation of a nonproduction nature for post-expiration competition. In analagous cases this has been held a non-infringing use. In *Arko Agate v. Master Marble Co.,* 18 F.Supp. 305 (N.D.W.Va.1937), the experimentation with a marble manufacturing device covered by plaintiff's patent prior to going into production was held not an infringing use. The use of the apparatus was

clearly a commercial test, yet in the absence of any profit from the activity, the court found no infringement. Similarly, in *Dugan v. Lear Avia, Inc.,* 55 F.Supp. 223 (S.D.N.Y.1944), *aff'd* 156 F.2d 29 (2d Cir.1946), building and commercial testing of a device without commercial manufacture or sale was deemed not to be an infringing use. Again, in *Chesterfield v. United States,* 159 F.Supp. 371 (Ct.Cl.1958), no infringement was found where the federal government conducted tests and experiments. Citing *Bosnack Mack Co. v. Underwood,* 73 F. 206 (C.C.1896), the Court of Claims stated flatly, "Experimental use does not infringe." 159 F.Supp. at 375. Bolar's FDA-mandated testing clearly falls in line with the sort of commercial experiments without profit, manufacture, or sale during the patent term that the Court of Appeals holds is non-infringing.

■ To find infringing use there must be a benefit at the expense of the patent. In *Kaz Manufacturing Co., Inc. v. Chesebrough-Pond's Inc.,* 211 F.Supp. 815 (S.D.N.Y.1962), *aff'd* 317 F.2d 679 (2d Cir.1963), the court declared use to be "the commercially valuable use of which patentee could or would avail himself." The court held that as long as defendant was not helping himself to a benefit of a type secured by the patent, there was no infringement. Similarly, post-expiration advantage would not be a value secured by the patent. Furthermore, Bolar's activity cannot be connected with any benefit during the term of the patent.

In a like vein, the *de minimis* doctrine would seem to apply. Stated more fully, the law does not concern itself with small matters. In *Maxon Premix Burner Co. v. Eclipse Fuel Engineering Co.,* 471 F.2d 308 (7th Cir.1972), the Seventh Circuit Court of Appeals held the experimental construction of a prototype even paired with a sale was *de minimis* and insufficient to support an action for threatened infringement. In the case at bar, Roche can point to no substantial loss that would stem from Bolar's studies. The only harm Roche can point to is a violation of the principle of its monopoly.

■ A court should be cautious in applying the equitable remedy of a permanent injunction in patent cases, *American Safety Device Co. v. Kurland Chemical Co.,* 68 F.2d 734 (2d Cir.1934), particularly where, as here, there remains little more than three months to the term of the patent. This is doubly true where the case involves only a threatened infringement.

■ More importantly, the court cannot find a basis for holding that Bolar's limited experimental use of flurazepam hcl would constitute infringement. First, Bolar realizes no benefit during the term of the patent; its activities are in no way connected with current manufacture or sale here or abroad. Nor do its activities lessen Roche's profits during the patent's term. Second, post-expiration delay in competition unintentionally imposed by FDA regulation is not a right or benefit granted by the patent law. This court will not act to protect a right or benefit that is without legal basis. Third, Roche can point to no substantial harm it will suffer from Bolar's FDA studies before the patent expires. Bolar's threatened activity is at best *de minimis* and will not support an action for infringement.

If, however, it develops that Roche suffers substantial harm or loss during the patent's term, it still has available to it action at law for damages against Bolar.

Accordingly, no permanent injunction will issue and the temporary restraining order is dissolved. Parties will bear their own costs.

SO ORDERED.