## McLAUGHLIN v. PEOPLE'S RAILWAY Co. and another.[1]

*(Circuit Court, E. D. Missouri. September 19, 1884.)*

PATENT—SUIT FOR INFRINGEMENT—LACHES—DEMURRER.

  Bill for infringement of patent, alleging unauthorized construction and use of patented invention by defendant for 13 years, and making no excuse for complainant's failure to assert his rights during that period, *held* demurrable.

In Equity. Demurrer to bill for infringement of a patent.

*Jones & Delano,* with *F. X. McCabe,* for complainant.

*Paul Bakewell,* for People's Railway Company.

BREWER, J. The bill charges that letters patent for a street-car gate were issued to the complainant and one J. F. Madison on August 3, 1869; that neither of said patentees ever licensed or granted to defendant the People's Railway Company, or any one else, the right or privilege to make or use said gate, and that said defendant railway company is now, and has been for 13 years last past, using and constructing such patented street-car gates upon its street cars. The prayer is for injunction and accounting. The single question which I deem necessary to consider is whether there has been such laches on the part of complainant as will prevent a court of equity from taking cognizance of this suit. The bill shows no excuse for his delay; neither ignorance of the conduct of the defendant, nor inability on the complainant's part to assert his rights. It is left upon the naked assertion that the patent, existing for now over 15 years, the defendant has for 13 years been infringing thereon.

Under these circumstances, whatever action at law he may have for damages, I think his own laches such as prevents a court of equity from interfering by injunction. That the general principles of equity jurisprudence control in patent cases cannot be doubted. Rev. St. § 629, par. 9; also, section 4921, which last section contains these words:

  "The several courts vested with jurisdiction of cases arising under the patent laws shall have power to grant injunctions *according to the course and principles of courts of equity,* to prevent the violation of any rights secured by a patent, upon such terms as the court may deem reasonable."

Now, generally speaking, the laches of complainant is sufficient ground for non-interference on the part of a court of equity. Nearly all the life-time of this patent the complainant has remained silent, by his silence consenting to, or at least acquiescing in, the acts of the defendant. To interfere now by injunction would seem manifestly inequitable. That this question of laches can be raised by demurrer, and that it is a good defense to a bill in equity, is abundantly sustained by the authorities. In Walk. Pat. § 597, it is said:

  "The defense of laches can be made in a demurrer, or in an answer, or in an argument on the hearing, without any pleading to support it. But a

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

plea is not appropriate in such a defense; because, if the bill shows delay and is silent about excuses therefor, the method of a plea would be to state that there is no such excuse, and because, by taking issue on such a plea and framing an excuse, the complainant could cut off all excuses and win the case. To guard against a demurrer based on laches, in a case where long delay intervened between the infringement and filing of the bill, the bill ought to state the existing excuses for that delay; and, to guard against such defense being started on the hearing, the evidence ought to show whatever excuse the complainant can interpose."

See, also, the following authorities: *Maxwell* v. *Kennedy*, 8 How. 222; *Lewis* v. *Chapman*, 3 Beav. 133; *Saunders* v. *Smith*, 3 Mylne & C. 711; *Collard* v. *Allison*, 4 Mylne & C. 487; *Wyeth* v. *Stone*, 1 Story, 273; *Root* v. *Ry. Co.* 105 U. S. 215; Curt. Pat. § 440, in which the author says:

"Where a patentee seeks an injunction against an alleged infringer, and the evidence shows that this infringer, or others, have been in the habit of disregarding the exclusive right conferred upon the patentee, and this with knowledge, either actual or implied, on the part of the patentee, the court will dismiss the bill on the ground that the complainant has been guilty of laches, or that there is a want of that exclusive possession which lies at the foundation of every claim for an injunction."

These authorities enforcing the general rule of equity jurisprudence compel the sustaining of the demurrer. The order, therefore, will be that the demurrer be sustained and the bill dismissed.