BANQUE FRANCO-EGYPTIENNE and others *v.* BROWN and others.

*(Circuit Court, S. D. New York.  1885.)*

EQUITY PRACTICE—FILING CROSS-BILL SETTING UP DISCHARGE IN BANKRUPTCY
    -DELAY.
    Leave granted defendants to file a cross-bill, setting up their discharges in
    bankruptcy, unless complainants elect to amend the prayer of their bill so as
    to waive any recovery against defendants for a debt which was not created by
    fraud, or while they were acting in a fiduciary character.

WALLACE, J.  The defendants Duncan & Sherman move for leave
to file supplemental answers to the bill, setting up their discharges
in bankruptcy, which have been obtained since the cause was at issue.
A very long delay has taken place since the discharges were obtained,
and, notwithstanding the extenuating circumstances which are offered
in explanation, the delay is so unprecedented that, if the complain-
ants had been to any extent prejudiced by it, the application could
not be considered with any degree of favor.  The transactions as-
sailed by the bill are complicated, and numerous defendants are im-
pleaded.  Relief is prayed against all of them, assuming that they
have participated in a fraudulent scheme by which the complainants
were induced to invest in certain mortgage bonds; but relief is also
prayed against some of them as trustees of a fund which came to
their hands and was diverted in breach of their duty; and against
others upon the theory that complainants can follow the trust funds
into their hands.  It may well be, under the allegations, that some of
the defendants will be adjudged to account who were not guilty of
any fraud personally, or who were not acting in a fiduciary relation
towards complainants.  No relief is prayed against either of the de-
fendants Duncan or Sherman, exclusively, or as to transactions in
which other defendants are not joined.  The proofs that have been
taken would have been necessarily taken if these defendants were not
parties to the bill.  It is alleged in the moving affidavits that "no
witness has been examined solely to establish the pretended claims
of the complainants against the said defendants Duncan & Sher-
man, or either of them; and that, had the discharges in bankruptcy
of these defendants been pleaded immediately upon the granting of
such discharges, the complainants would not have omitted to exam-
ine a single witness whom they have since examined; and that the
course of procedure in the suit would in no respect have been differ-
ent from what it has been had such discharge been so pleaded."  The
truth of this statement is not challenged, nor is its effect in anywise
impaired by the opposing affidavits.  Under such circumstances, as
the complainants have not been prejudiced, there is no just reason
for denying the defendants the relief they ask.

It would be premature upon this application to determine to what
extent the discharges in bankruptcy will avail the defendants as a

protection against the claims made by the bill. It is sufficient for present purposes that the discharges may be available in part to protect them against the relief sought. The application has been presented as though the discharges may be set up by way of supplemental answer. The correct practice requires this to be done by means of a cross-bill. *Miller* v. *Fenton,* 11 Paige, 18; 1 Daniell, Ch. Pr. 607; Story, Eq. Pl. § 393; *Taylor* v. *Titus,* 2 Edw. 135.

Leave is granted defendants to file a cross-bill setting up their discharges, unless complainants elect to amend the prayer of their bill so as to waive any recovery against the defendants for a debt which was not created by fraud, or while they were acting in a fiduciary character.