MEYROWITZ MFG. CO. v. ECCLESTON et al.

(Circuit Court, D. Massachusetts. December 22, 1899.)

No. 1,040.

PATENTS—SUIT FOR INFRINGEMENT—LACHES.

Complainants, the owners of a patent, wrote defendants, charging infringement and threatening suit, and defendants answered, denying infringement, contesting complainants' construction of the patent, and calling attention to a prior patent. To this complainants replied that they

would look the matter up. There were no further communications between the parties on the subject for nearly 10 years, during which time complainants purchased considerable quantities of the alleged infringing goods made by defendants, and the latter expended money in enlarging their facilities for manufacture. *Held*, that complainants were guilty of such laches as precluded them from maintaining a suit in equity for infringement.

This was a suit in equity for infringement of a patent. On final hearing.

H. Albertus West, for complainant.

Oliver R. Mitchell and Henry B. Montague, for defendants.

LOWELL, District Judge. In this case it is not necessary to determine the validity of the complainant's patent, or the issue of infringement, because the case can be disposed of on another ground. The complainant's patent was issued November 3, 1885, to E. B. Meyrowitz, by whom it was, on April 3, 1894, assigned to the complainant. E. B. Meyrowitz is president, and his brother secretary and treasurer, of the complainant corporation. The patent under which the defendants manufacture was issued in 1887, and they began to manufacture at about that time. In the year 1888 the following correspondence took place:

"New York, April 28th, 1888.

"Mess. W. H. Eccleston & L. E. Sibley, Southbridge, Mass.—Gentlemen: It has come to our notice that you are manufacturing and selling a 'nose-guard' which is clearly an infringement on the first claim of a patent owned by us. We have taken the advice of a competent patent lawyer, and are assured that we have good grounds upon which to proceed against you in the regular process of law. Before doing so, we write you to know if you will not arrange this matter with us amicably, rather than be obliged to spend what profit there may be in the patent in defending this suit.

"Respectfully yours,                                Meyrowitz Bros."

"Southbridge, May 1, 1888.

"Meyrowitz Bros.—Gents: Your favor of the 28th at hand, and contents noted. We will give the matter due consideration [and you will hear from us later].[1]    Yours, resp't,          Eccleston & Sibley, Southbridge, Mass."

"Southbridge, May 4, 1888.

"Meyrowitz Bros.—Gents: We have examined your patent, and fail to see wherein we infringe. If you will kindly inform us, we will be obliged.

"Yours, resp't,                Eccleston & Sibley, Southbridge, Mass."

"New York, May 11th, 1888.

"Messrs. Eccleston & Sibley, Southbridge, Mass.—Gentlemen: Your favor of 4th inst. duly received. You are infringing upon the 1st claim of our patent, which, if you will read carefully, shows your patent to be practically invalid, and really secured by the above-mentioned 1st claim of our patent. We quote from the report made to us by our patent lawyer: 'I am consequently of opinion that your said patent No. 329,474 is infringed by the manufacture, sale, or use of said "cork nose-guard," and makers, sellers, and users thereof are each separately liable to you, and can be stopped by injunction, if the patent is sustained in court as of the scope I have indicated. The fact that said "cork nose-guard" are themselves patented would not protect their makers, sellers, and users, as said patent No. 375,541 in no sense supersedes your said patent No. 329,474, which appears to have been strangely overlooked when the appli-

---

[1] Words in brackets canceled.

cation for said patent No. 375,541 was examined.' Please let us hear from you immediately, as we are determined to take the necessary measures for the protection of our rights in this matter.

"Respectfully yours,        Meyrowitz Bros., per E. B. Meyrowitz."

"Southbridge, May 16, 1888.

"Meyrowitz Bros.—Gents: Yours of the 11th at hand, and noted. We would say we cannot see wherein the validity of your claim 1 lies in view of the patent granted prior to yours to T. P. Hubbell, June 16, '85. Please let us hear from you in regard to it.

"Yours, resp't,        Eccleston & Sibley, Southbridge, Mass."

"New York, May 21st, 1888.

"Mess. Eccleston & Sibley, Southbridge, Mass.—Gentlemen: Your favor of 16th inst. duly to hand. We will have our lawyer look into the Hubbell patent, and will reply to you in a few days.

"Very truly yours,        Meyrowitz Bros."

There was no further correspondence or transaction between the parties until about April 28, 1897, when the complainant's agent ordered from the defendants one gross of the article alleged to infringe. Four orders for considerable quantities of similar goods were sent subsequently, three before and one after the filing of the bill in this case, August 2, 1898. Under these circumstances it seems to me clear that the complainant is disentitled to relief in equity by reason of its laches and delay. The reasons given for the delay by the patentee are not sufficient. He testified, "I have, from time to time, been collecting such evidence as I could obtain." Being asked, "What evidence of infringement have you collected since then?" he replied, "I have, both by purchase from them direct of the infringed goods and from seeing other dealers handling the article, satisfied myself that they were still continuing the infringement of the patent in suit." This is frivolous. The patentee had obtained, in 1888, all the evidence which the complainant now has. The defendants, on the other hand, since 1888, have invested a considerable sum of money in establishing the alleged infringing manufacture. No two cases of laches are precisely similar in their facts, but the case at bar is essentially similar to Manufacturing Co. v. Williams, 15 C. C. A. 520, 68 Fed. 489, and to Lane & Bodley Co. v. Locke, 150 U. S. 193, 200, 14 Sup. Ct. 78, 37 L. Ed. 1049. In the latter case the complainant was an employé of the defendant. The invention was perfected in 1872, the patent applied for in 1875, and obtained in 1876. In 1875 and 1876 the complainant demanded from the defendant an arrangement or settlement for the use of his invention, but was refused. He then dropped the matter, and continued to acquiesce in the defendant's use of the patent, and to receive from it a salary. When asked to account for his conduct, he replied that he felt convinced that any demand he might have made would have been rejected, and thus his friendly relations with the defendant might have been disturbed. The court held that the bill must be dismissed upon the ground of laches, apart from any question of implied license. In the case at bar the patentee called the defendants to account in 1888, alleging infringement, and threatening suit. The defendants denied the infringement, and contested the construction put by the patentee upon his patent. The patentee replied that he would have his lawyer look

into the matter, and would reply to the defendants in a few days. No reply was ever made, and, as no suit was brought, the defendants might, not unnaturally, infer that their contention concerning the patent was acquiesced in. This inference would be greatly strengthened by the purchase at sundry times, in the way of ordinary business, by the complainant from the defendants, of considerable quantities of the goods alleged to infringe. In argument the complainant's counsel sought to explain the delay in suing as an exercise of the complainant's patience and forbearance. Doubtless patience and forbearance are Christian virtues, but courts of equity do not regard them as equivalent substitutes for diligence and promptitude in enforcing legal rights. Upon the whole, the reasoning of the supreme court in Lane & Bodley Co. v. Locke seems applicable to the case at bar. See, also, McLaughlin v. Railway Co. (C. C.) 21 Fed. 574, referred to with approval in Keyes v. Mining Co., 158 U. S. 150, 15 Sup. Ct. 772, 39 L. Ed. 929; Insurance Co. v. City of Austin, 168 U. S. 685, 697, 18 Sup. Ct. 223, 42 L. Ed. 626. The bill is dismissed, with costs.