DIAMOND STONE-SAWING MACH. CO. OF NEW YORK v. SEUS.

(Circuit Court, S. D. New York. March 4, 1908.)

PATENTS—SUIT FOR INFRINGEMENT—EQUITY JURISDICTION.

Equity is without jurisdiction of a suit for infringement of a patent, brought 13 days before its expiration, in which no special reasons are shown why the remedy at law is not adequate.

In Equity. Suit for infringement of patent. On demurrer to bill.

Charles C. Protheroe and James G. K. Lee, for complainant.

Seabury C. Mastick, for defendant.

HOLT, District Judge. This is a demurrer to a complaint in a suit in equity to restrain the infringement of a patent. The ground of the demurrer is that the bill was filed so shortly before the expiration of the patent sued on that the patent expired before the defendant was required to appear in the action, and that therefore the bill is demurrable for want of jurisdiction, and because the complainant has a plain, adequate, and complete remedy at law. The bill was filed May 29, 1907. The patent expired June 10, 1907. The defendant's appearance was not due or made until the July rule day, and the defendant's pleading was not due until the August rule day, when this demurrer was filed. No preliminary injunction was issued, and no application was made for one.

It is well settled that the ground of jurisdiction in an equity suit for the infringement of a patent is the right to an injunction, that the remedy of an accounting for the recovery of profits or damages is incidental, and that a bill in equity will not lie after the expiration of a patent simply for an accounting and the recovery of damages or profits. It is held that the patentee, under such circumstances, has an adequate remedy at law. Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975. Upon the question whether the same rule applies to an equity suit brought just before the expiration of a patent the cases seem to be somewhat in conflict. Some appear to hold that it is a question of discretion with the court whether to take jurisdiction or not, and in various cases jurisdiction has been taken. Clark v. Wooster, 119 U. S. 322, 7 Sup. Ct. 217, 30 L. Ed. 392; Beedle v. Bennett, 122 U. S. 71, 7 Sup. Ct. 1090, 30 L. Ed. 1074; Busch v. Jones, 184 U. S. 598, 22 Sup. Ct. 511, 46 L. Ed. 707. Other cases hold that, when it clearly appears that there are no special circumstances in the case calling for the exercise of equitable jurisdiction, and the time which the patent has to run when the bill is filed is so brief that it is apparent that the prayer for an injunction is a mere form to support the jurisdiction, and that the real object of the action is an accounting to recover profits or damages, the court has no jurisdiction. Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975; Hayward v. Andrews, 106 U. S. 672, 1 Sup. Ct. 544, 27 L. Ed. 271; Keyes v. Eureka Con. Mfg. Co., 158 U. S. 150, 15 Sup. Ct. 772, 39 L. Ed. 929.

There are various decisions in the Circuit Courts of Appeals and in the Circuit Courts, some of which support one view of the case and some the other. Upon the whole, in my opinion, the authorities preponderate that, when there are no special circumstances shown calling for the exercise of equitable jurisdiction, an equity suit brought for the infringement of a patent 13 days before its expiration is not a suit brought for a preliminary injunction. One cannot be obtained before the patent expires. The essential object of the suit is to have an accounting, and, as a result of the accounting, to obtain a recovery for damages or profits. This is such a suit, and my conclusion, therefore, is that the demurrer should be sustained; and, as I cannot see that it would be possible to cure the defect by any amendment, I think that there should be a decree dismissing the bill on the demurrer, with costs.