UNDER-FEED STOKER CO. OF AMERICA v. AMERICAN STOKER CO.

(Circuit Court, S. D. New York. April 12, 1909.)

EQUITY (§ 198*)—PLEADING—CROSS-BILL—DEFENSE OF LACHES.

The defense of laches in bringing a suit or in prosecuting it after it is brought may be considered on final hearing although not pleaded, and a defendant will not be granted leave to file a cross-bill raising such issue to be disposed before the hearing on the original bill, especially where under the rules he might have expedited the hearing, but made no effort to do so.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 198.*]

In Equity.

Wetmore & Jenner; for complainant.

Richard N. Dyer and Hugh C. Lord, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. The defendant moves for an order limiting the recovery of profits and damages in this case to a period beginning October 28, 1908, on the ground that the complainant was guilty of laches in bringing the suit and has been guilty of laches in prosecuting it down to that date. It also moves for leave to file a cross-bill, alleging the complainant's laches, and the damage caused it thereby, the original bill to be stayed until the cross-bill is disposed of.

A cross-bill is filed with the answer to enable the defendant to obtain affirmative relief arising out of the subject-matters of the original bill, is heard with it, and must be for causes of action which would sustain an original bill. This is the general rule. Cases arise where a cross-bill may be allowed to be filed after answer and to be disposed of before the original bill because of facts arising after the filing of the answer which entitle the defendant to a defense. Scott v. Grant, 10 Paige (N. Y.) 485; Banque Franco-Egyptienne v. Brown (C. C.) 24 Fed. 106; Randolph's Bill, 66 Pa. 178. The defendant seeks to set up laches in filing the original bill and in prosecuting the suit. The effect of laches may be considered at final hearing, although not pleaded. McLaughlin v. Railway Co. (C. C.) 21 Fed. 574; Woodmanse v. Williams, 68 Fed. 489, 15 C. C. A. 520; Keyes v. Eureka Mining Co., 158 U. S. 150, 153, 15 Sup. Ct. 772, 39 L. Ed. 929. Therefore a cross-bill is not necessary. The laches considered in these cases was in filing the bill, but I see no reason why laches in prosecuting the suit, being a part of the case itself and entirely within the knowledge of the court, should not be treated in the same way. It would no doubt save the defendant trouble and expense to d'spose of this question in the first instance provided it prevailed, but it may not prevail. Another consideration is that it could have speeded the prosecution by motion after the cause was at issue. Equity rule 69 fixes the time for taking proofs. If none are taken, either party may set the case down for hearing upon the pleadings under equity rule 109 of this court. If the complainant does not complete his proofs within the time fixed, the defendant may apply to the court to fix a time within which the proofs must be taken, or may move to dismiss for lack of prosecution. The usual course of procedure should not be departed from, especially as to matters resting in the discretion of the court, which, with the question of costs, can be more intelligently disposed of at final hearing.

The motions are denied.