## WHEELER CONDENSER & ENGINEERING CO. v. C. H. WHEELER MFG. CO.

(District Court, E. D. Pennsylvania. March 16, 1925.)

No. 3207.

Courts &352—Suit to enjoin infringement of patent and for accounting, filed two days before expiration of patent, held subject to transfer to law side of court.

Where bill to enjoin infringement of patent, and for preliminary injunction pending suit, and for accounting of profits and damages, was filed two days before expiration of patent, *held*, neither plea for injunctive relief nor for accounting under circumstances was sufficient to sustain equity jurisdiction, and that cause, under equity rule No. 22, was subject to transfer to law side of court.

In Equity. Suit by the Wheeler Condenser & Engineering Company against the C. H. Wheeler Manufacturing Company. On motion to transfer to law side of court. Motion allowed.

Evans, Bayard & Frick and Ralph B. Evans, all of Philadelphia, Pa., for plaintiff.

C. D. Ehret, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The bill alleges infringement of Parson patent, No. 874,986, issued December 31, 1907, for improvements in vacuum-producing apparatus. The bill was filed December 24, 1924. Service of a copy thereof, with the subpœna, was made on defendant December 29, 1924, but two days before the expiration of the patent, December 31, 1924. The bill avers practice of the invention by the plaintiff, infringement by the defendant, and the granting of licenses under the patent to a number of concerns alleged to be extensively engaged in the manufacture of apparatus embodying the invention.

It appears by the bill and affidavit accompanying the motion that the plaintiff, in March, 1923, gave notice of infringement to the defendant and to other alleged infringers. The bill prays for an injunction, for a preliminary injunction pending suit, for an account of profits and damages, for triple assessment of damages, and for further relief. No motion was made for preliminary injunction, nor for a temporary restraining order. The present motion invokes the application of equity rule No. 22, which is as follows:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be there proceeded with, with only such alteration in the pleadings as shall be essential."

It is apparent at once, upon the face of the bill and the accompanying affidavit, that no preliminary injunction could have been obtained upon this bill before the expiration of the patent. It contains no averments or showing of irreparable injury upon which a motion for injunction could have been based, and, in connection with the showing by the affidavit, it is therefore clear that the plaintiff had no intention of seeking an injunction. With those facts in mind, the question raised, therefore, is whether there is anything in the bill upon which equitable jurisdiction can be maintained.

Root v. Railway Co., 105 U. S. 189, 26 L. Ed. 975, was a case in which a bill in equity was filed after the expiration of a patent, charging infringement by use of the patented invention, whereby the defendant had realized gains, profits, and savings, for which there was a prayer for an account. The bill was, on demurrer, dismissed by a decree, which was sustained in an opinion by Mr. Justice Matthews. While the bill in that case was filed after the expiration of the patent, and therefore no injunction was applied for, Justice Matthews states at the outset of his opinion that, by reason of the diversity of practice and opinions of the Circuit Courts incapable of reconciliation, it is made necessary for the Supreme Court to settle the question upon some basis of principle in harmony with our system of equity jurisprudence. He therefore reviews the course of legislation and judicial decision so far as it bears upon the question from the beginning.

The fifty-fifth section of the Act of July 8, 1870 (Comp. St. § 991), revising, consolidating, and amending the statutes relating to patents and copyrights, confers power upon the courts of equity to grant injunctions, and upon decrees being rendered for infringement entitles the plaintiff to recover, in addition to the profits to be accounted for, the damages the plaintiff has sustained,

and upon assessment thereof confers upon the court the same powers to increase the same that are given to increase the damages found by verdicts in actions at law. In construing the fifty-fifth section, Justice Matthews points out the error in the contention that equity has jurisdiction, because of the necessity of an account to ascertain the profits and damages, upon the ground that the defendant has wrongfully intermeddled with property impressed with a trust, and may be required as a trustee to account for it. He states the conclusion of the court as follows:

"Our conclusion is that a bill in equity for a naked account of profits and damages against an infringer of a patent cannot be sustained; that such relief ordinarily is incidental to some other equity, the right to enforce which secures to the patentee his standing in court; that the most general ground for equitable interposition is to insure to the patentee the enjoyment of his specific right by injunction against a continuance of the infringement, but that grounds of equitable relief may arise, other than by way of injunction, as where the title of the complainant is equitable merely, or equitable interposition is necessary on account of the impediments which prevent a resort to remedies purely legal; and such an equity may arise out of, and inhere in, the nature of the account itself, springing from special and peculiar circumstances which disable the patentee from a recovery at law altogether or render his remedy in a legal tribunal difficult, inadequate, and incomplete, and, as such cases cannot be defined more exactly, each must rest upon its own particular circumstances as furnishing a clear and satisfactory ground of exception from the general rule."

The prayer for an accounting in the present case is not based upon such averments in the bill as would render an action at law for the recovery of damages an inadequate remedy, and therefore there is no ground for sustaining the bill upon that prayer, and the averments in its support.

There being no other equitable ground for relief appearing upon the averments of the bill, excepting those upon which the prayer for the injunction is based, the sole remaining question is whether a bare averment of continuing infringement and a prayer for injunction upon a bill filed and served too late to make it possible to obtain an injunction will sustain the jurisdiction of a court of equity. I think the case of Keyes v. Eureka

Consolidated Mining Co., 158 U. S. 150, 15 S. Ct. 772, 39 L. Ed. 929, rules this case. There the bill was filed and the subpœna issued October 29, 1888; the patent expired November 28, 1888. One of the defenses was that the Circuit Court, as a court of equity, had no jurisdiction of the case, because the complainant had a plain, adequate, and complete remedy at law. The bill was dismissed in the Circuit Court, and upon appeal the Supreme Court, by Chief Justice Fuller, affirmed the decree, following Root v. Railway, supra, Clark v. Wooster, 119 U. S. 322, 7 S. Ct. 217, 30 L. Ed. 392, and Lane & Bodley Co. v. Locke, 150 U. S. 193, 14 S. Ct. 78, 37 L. Ed. 1049.

Chief Justice Fuller cites Clark v. Wooster as follows: "As to the first point, the bill does not show any special ground for equitable relief, except the prayer for an injunction. To this the plaintiff was entitled, even for the short time the patent had to run, unless the court had deemed it improper to grant it. If, by the course of the court, no injunction could have been obtained in that time, the bill could very properly have been dismissed, and ought to have been. But by the rules of the court in which the suit was brought only four days' notice of application for an injunction was required. Whether one was applied for does not appear. But the court had jurisdiction of the case, and could retain the bill, if, in its discretion, it saw fit to do so, which it did. It might have dismissed the bill, if it had deemed it inexpedient to grant an injunction; but that was a matter in its own sound discretion, and with that discretion it is not our province to interfere, unless it was exercised in a manner clearly illegal."

Under the authority of the cases above cited, I see no such grounds for the exercise of discretion in retaining jurisdiction in equity as appeared in Goldschmidt Thermit Co. v. Primos Chemical Co. (D. C.) 225 F. 769. The bill should therefore be transferred to the law side of the court, for the reason that it cannot be sustained in equity upon the ground of injunctive relief, nor upon the ground of any special or peculiar circumstances in the nature of the account prayed for, which would render the plaintiff's remedy in a legal tribunal difficult, inadequate, and incomplete.

There being, therefore, no clear and satisfactory ground of exception to the general rule, the motion will be allowed, and an order entered transferring the cause to the law side of the court.