## P. H. & F. M. Roots Company *v.* Morgan.

[No. 12,056.  Filed April 9, 1925.  Rehearing denied June 26, 1925.  Transfer denied December 18, 1925.]

PATENTS.—*Judgment properly rendered that employer of inventor had no right or title to patent, although employer had aided in developing patented device and paid expense of securing patent.*—On a finding that, after a device was invented by an employee of a manufacturing company, it was developed and constructed with the help of his employer and its employees, the company advancing money to pay for its development and the expense of patenting, a judgment was properly rendered that the company had no right, title or interest in the patent, except to manufacture, use and sell the device on paying reasonable compensation therefor, although the inventor had consented to the use of the device in the company's factory without compensation.

From Henry Circuit Court; *J. R. Hinshaw*, Judge.

Suit by the P. H. and F. M. Roots Company against Willis H. Morgan, in which the latter filed a counterclaim.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*  By the second division.

*Wiles, Springer & Root* and *Fesler, Elam & Young*, for appellant.

*Cassius C. Shirley, Larz A. Whitcomb* and *Samuel Dowden*, for appellee.

NICHOLS, J.—This was a suit to determine the rights of the parties hereto with reference to a patent which stood in the name of appellee.  The case involved both the true ownership of the patent and possible rights of appellants to manufacture articles made in accordance with the patent as a licensee.  The patent covered a machine for charging the cupola in a foundry and the details of its construction are not here involved.

It was averred in the complaint that appellee had agreed to transfer to appellant the patent in question, that appellant was the true owner thereof, and that ap-

pellee should be required to transfer the patent. To this complaint, appellee filed a general denial. He also filed a counterclaim alleging that he was the true owner of the patent, and that appellant was claiming some rights thereunder and casting a cloud upon his title, and that it should be declared that appellee was the true owner thereof, and that appellant had no interest. To this counterclaim, appellant filed a general denial, and also filed a special paragraph of answer asserting that appellee had made a contract to assign the patent to appellant, and also setting up the facts as to the way the patent was developed, and asserting that the patent was developed under such circumstances that, even if appellant was not entitled to have the same transferred to it, it was nevertheless entitled to make, use and sell articles manufactured in accordance with the patent without paying any royalty to appellee. To this special paragraph of answer, there was a reply of general denial.

On these issues, there was a trial by the court which resulted in a general finding and judgment for appellee. The errors assigned are the court's action in overruling appellant's motion for a new trial, and in overruling its motion to modify the judgment.

By its general finding, the court expressly found for appellee on the issues joined on the complaint and the answer thereto; that the allegations of each paragraph of complaint are not true and correct; that appellee is the inventor and owner of the invention involved and of the United States letters patent covering the same, and of the applications for letters patent thereon under the laws of the Dominion of Canada and Great Britain; that appellee never entered into an agreement with appellant that appellant should be the owner of said invention and patents, or that he would assign said

letters patent or said application for letters patent to appellant.

And the court further found on the issues joined on the counterclaim that appellee is the inventor and owner of said invention and of the letters patent issued thereon, and of the applications for letters patent now pending under the laws of the Dominion of Canada and Great Britain; that appellant has no right, title or interest therein except as hereinafter set forth; that appellant's claim to be the owner of said invention and to be entitled to an assignment of the letters patent and said applications for letters patent in foreign countries is, and has at all times been, without foundation in fact; that said claim has been asserted for the purpose of depriving appellee of the ownership of and title to said invention, said letters patent and applications for letters patent now pending in foreign countries; that appellant's said claim has cast a cloud upon appellee's title to said invention, said letters patent and said applications for letters patent, and appellee is entitled to have said cloud removed therefrom and to have his ownership established thereto, free and clear of all claims of appellant except as hereinafter set forth, and to have appellant perpetually enjoined from asserting or claiming any right, title or interest in or to said invention, said letters patent and said applications for letters patent, except as hereinafter set forth; that appellee is also entitled to have dissolved and declared at an end the restraining order and temporary injunction restraining and prohibiting him from selling, assigning or disposing of said invention and patented article or any letters patent thereon, or from entering into any contracts or agreements of any kind for the manufacture or sale thereof; that appellant is entitled to a right and license to manufacture and use said invention in its manufacturing plant, and to sell the same

during the period covered by said letters patent, or any
of said foreign patents, upon the payment to appellee of
a reasonable license fee or royalty for the right so to
manufacture, use and sell the same, such right and li-
cense not to be an exclusive one.

On this finding, the court rendered judgment that
appellant recover nothing on its complaint; that appel-
lee is the sole owner of the patented device; and that
appellant be enjoined forever from asserting or claim-
ing any ownership in said invention and patent, and.
from claiming any right, title or interest therein, except
that it is given the right to manufacture, use and sell
the patented hoist upon the payment to appellee of a
reasonable license fee or royalty for the right so to
manufacture, use and sell the same, such right and li-
cense not to be an exclusive one.   We have carefully
examined the evidence as the same appears in the brief
of appellant and of appellee, and we hold that it is am-
ple to justify a finding of the court for appellee on both
the complaint and the counterclaim.   But appellant con-
tends that, even if the evidence is sufficient to sustain
a finding in favor of appellee as to the facts, it does
not justify, after giving appellant a license to manu-
facture, use and sell the patented device, a requirement
that it shall pay a reasonable license fee or royalty
therefor.   But, while it is true, as appellant contends,
that the device after being invented by appellee was
developed and constructed with the help of appellant
and its employees, and that appellant advanced money
for its development and for the expense of patenting,
it clearly appears from the evidence that, from the be-
ginning, it was understood, both by appellant and by
appellee, that appellee should receive compensation for
the use of his invention.   Appellant, in its argument,
says that, "As the patent was developed it seems to
have been contemplated that the employer and employee

were each to have some benefit from the invention." We fail to see, however, how, as between appellant and appellee, a license to appellant to manufacture, use and sell the patented device without a license fee or royalty to appellee would be of any benefit to appellee. The fact that appellee made use of the property and labor of appellant in the development of his device is important only as an item of evidence tending to show that appellee consented to the use by appellant of his device without compensation. But the evidence clearly disproves any such intention on the part of appellee. The trial court has adjudged, from the circumstances surrounding the development of the device, that there was an implied nonexclusive license to appellant to manufacture, use and sell the hoist, and by the same evidence, including the above mentioned as to compensation, the court, with equal justification, adjudged that such license was not free, but with a reasonable compensation for the use of the invention.

In the case of *White Heat Products Co.* v. *Thomas* (1920), 266 Pa. 551, 109 Atl. 685, the material facts were substantially the same as in the instant case. Appellant was engaged in the manufacture of silica products; and appellee was employed in its plant under a written contract; while so employed, appellee invented, developed and perfected a new invention for grinding hard metal, known as an "abrasive wheel." Appellee conceived the idea of his new invention and completed his preliminary work of preparing final sketches, etc., after business hours and outside of appellant's plant. Thereafter, an understanding was reached between the parties whereby it was arranged that the experimental work of building the first "abrasive wheel" should be done by appellee at appellant's plant and with its shop facilities, and that if the new invention turned out to be a commercial success, appellee should be compen-

sated by a division of the profits derived from the sale of the new invention. No agreement was reached between the parties concerning that part of the profits which appellant should receive and that part of the profits which appellee should receive. A dispute arose concerning the division of these profits, and thereupon appellant first claimed the ownership of the invention and next claimed an implied license to manufacture, use and sell same without paying a license fee to appellee, but its bill seeking such relief was dismissed by the court, and its decree was affirmed on appeal. Other authorities announcing the same principle are: *Deane* v. *Hodge* (1886), 35 Minn. 146, 27 N. W. 917, 919, 59 Am. Rep. 321; *United States* v. *Palmer* (1888), 128 U. S. 262, 9 Sup. Ct. 104, 32 L. Ed. 443, 444; *Keyes* v. *Eureka Mining Co.* (1895), 158 U. S. 150, 15 Sup. Ct. 772, 39 L. Ed. 929; *Burton* v. *Burton Stock Car Co.* (1898), 171 Mass. 437, 50 N. E. 1029, 1030; *American Circular Loom Co.* v. *Wilson* (1908), 198 Mass. 182, 84 N. E. 133, 136, 137, 126 Am. St. 409.

The editor's note in 16 A. L. R. 1204-1210, is instructive on the questions here involved.

We find no error in the record. The judgment is affirmed.