**STEIN et al. v. EXPERT LAMP CO.**

**Civ. 50 C 1479.**

United States District Court,
N. D. Illinois, E. D.

July 8, 1952.

Bair, Freeman & Molinare, Chicago, Ill., and Miketta & Glenny, of Los Angeles, Cal., for plaintiffs.

Max Richard Kraus, Chicago, Ill., for defendant.

LA BUY, District Judge.

Defendant's counsel has moved for assessment of attorney's fees and costs as provided by the copyright statute. Section 116, Title 17 U.S.C.A. provides:

"In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

■ There is no dispute between the litigants that the question of assessing attorney's fees lies in the sole discretion of the court under this section. In Official Aviation Guide Co. v. American Aviation Association, 7 Cir., 1947, 162 F.2d 541, 543, our Court of Appeals held that:

"* * * Since the defendants were the successful or prevailing party, the District Court had no discretion as to the ordinary costs under the said statute which, as we have said, is mandatory in favor of the prevailing party.

"The same provision of this statute that we think is mandatory as to ordinary costs is wholly discretionary as to extraordinary costs of attorneys' fees. The instant case was hard fought and prosecuted in good faith, and it presented a complex problem in law. There were no further facts or circumstances which would indicate that the court had abused its discretion in denying attorneys' fees. We could reverse, in an appealable case, only for an abuse of discretion in allowing or not allowing attorneys' fees. Advertisers Exchange v. Anderson, 8 Cir., 144 F.2d 907, 909; Buck v. Bilkie, 9 Cir., 63 F.2d 447; Marks v. Leo Feist, Inc., 2 Cir., 8 F.2d 460, 461."

■■ In its opinion of January 23, 1951 dismissing the plaintiff's complaint D.C., 96 F.Supp. 97, this court noted the defendant's product alleged to be infringing that of the plaintiff was indentical in every respect with that of the plaintiff and both plaintiff and defendant were selling them for the same purpose, that is, lamp bases. This finding indicates the propriety and necessity of plaintiff's resort to the protection of the court as to his alleged rights. The fact that the court found he had no right which could be protected under the copyright laws does not establish that the complaint was filed in bad faith or for the purposes of harassment. The pertinent feature compelling the court to make the decision of January 23, 1951 was the submission to the copyright office of plaintiff's statuette "having the threaded mounting stub to receive a lamp socket". This technicality and the interpretation accorded the copyright statute defeated the plaintiff's claim.

At the hearing on the motion to dismiss, the statuettes were submitted to the court.

The defendant's product was a perfect copy of the plaintiff's. Clearly under such circumstances the defendant cannot now contend the plaintiff was acting in bad faith and that it was clear the defendant had the absolute right to copy the plaintiff's product.

The court is of the opinion that the request for assessment of defendant's attorney's fees should be denied; that the cost item of $97.50 for printing briefs should be denied, Ex parte Hughes, 1885, 114 U.S. 548, 5 S.Ct. 1008, 29 L.Ed. 281; that in all other respects the costs amounting to $36.05 should be borne by the plaintiff.

Counsel are requested to submit an order in accord with the above holding.