389 F.2d 903
 157 U.S.P.Q. 69
 AMERICAN METROPOLITAN ENTERPRISES OF NEW YORK, INC., Jay Boy
Music Corp., Piccadilly Music Corp., and Edward
Kassner Music Co., Ltd., Plaintiffs-Appellants,
v.
WARNER BROS. RECORDS, INC., Defendant-Appellee.
 No. 173, Docket 31664.
 United States Court of Appeals Second Circuit.
 Argued Nov. 14, 1967.
Decided Feb. 16, 1968.
 
 Arnold I. Burns, New York City (Erwin Cherovsky, and Mermelstein, Burns & Lesser, New York City, on the brief), for plaintiffs-appellants.
 Carleton G. Eldridge, Jr., New York City (Stephen Sayre Singer, and Coudert Brothers, New York City, on the brief), for defendant-appellee.
 Abeles & Clark, New York City (Julian T. Abeles, John S. Clark, and Robert C. Osterberg, New York City, of counsel), for National Music Publishers' Association, Inc., amicus curiae.
 Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge:
 
 
 1
 This is an appeal from an order of the United States District Court for the Southern District of New York, John F. X. McGohey, Judge, denying an application for a preliminary injunction in a copyright infringement action. We find no error and affirm the order denying an injunction.
 
 
 2
 Edward Kassner Music Co., Ltd., an Engligh corporation, had acquired the world-wide copyrights to musical compositions written by Ray Davies.[1] Kassner granted control of the mechanical reproduction rights for the United States to the various appellant corporations. All of these corporate appellants are owned, either directly or indirectly, by American Metropolitan Enterprises Limited, an Ontario corporation. The appellants licensed Warner Bros. Records, Inc., the appellee, to produce and sell in the United States records containing the thirty-three copyrighted musical compositions. In addition, Warner was supplied with master recordings containing performances of these thirty-three songs sung by the Kinks, a musical group of which composers Davies are members.
 
 
 3
 In March of 1967, Warner advised the appellants that it was withholding any licensing fees due or to become due under their agreements. Appellants brought suit under 17 U.S.C. 101(e) seeking damages and a preliminary injunction. Warner raised two defenses which it contended freed it from any copyright obligations to the appellants: (1) appellants' failure to comply with the Copyright Act's filing provisions barred their recovery for the alleged infringement of some of the thirty-three copyrights; (2) under British law, appellants' breach of their agreements with Davies revested title in all the copyrights in Davies, so that any copyright obligation runs to Davies and not to the appellants. In June of 1967, Judge John F. X. McGohey entered the order and opinion denying appellants' motion for a preliminary injunction now before us on appeal. Jurisdiction of this appeal from the order denying an injunction is based on 28 U.S.C. 1292(a)(1).
 
 
 4
 The denial of preliminary injunction was justified in these circumstances. 'A preliminary injunction is an extraordinary equitable remedy and it will be granted only upon a showing by the applicant that it will probably succeed on the trial and that it will suffer irreparable injury if the defendant is not restrained from certain activity pending the trial. Societe Comptoir De L'Industrie, etc. v. Alexander's Department Stores, Inc., 299 F.2d 33, 35, 1 A.L.R.2d 752 (2d Cir. 1962).' Imperial Chem. Indus. Ltd. v. National Distillers & Chem. Corp., 354 F.2d 459, 461-462 (2 Cir. 1965). Ordinarily the issuance of a preliminary injunction is within the sound judicial discretion of the trial court. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); Carroll v. American Federation of Musicians, 295 F.2d 484, 488 (2 Cir. 1961). In a number of cases involving the enforcement of the Copyright Act, it has been held that upon the showing of a prima facie case of copyright infringement a copyright holder is entitled to a preliminary injunction without a detailed showing of irreparable harm. Uneeda Doll Co. v. Goldfarb Novelty Co., 373 F.2d 851, 852 n. 1 (2 Cir. 1967); Joshua Meier v. Albany Novelty Mfg. Co.,236 F.2d 144 (2 Cir. 1956); Rushton v. Vitale, 218 F.2d 434 (2 Cir. 1955). A copyright holder in the ordinary case may be presumed to suffer irreparable harm when his right to the exclusive use of the copyrighted material is invaded.
 
 
 5
 Copyrights covering mechanical reproductions of musical compositions, however, are given different statutory treatment from copyrights covering other material. Section 1(e) of the Act provides that:
 
 
 6
 whenever the owner of a musical copyright has used or permitted or knowingly acquiesced in the use of the copyrighted work * * * any other person may make similar use of the copyrighted work (upon compliance with the fee and notice provisions of this section).
 
 
 7
 Since the appellants had 'knowingly acquiesced in the use of the copyrighted work(s),' they no longer have any right to the exclusive use of them. Any person who complies with the compulsory licensing provisions of the Act, may manufacture records containing the thirty-three songs in question without becoming liable as an infringer. See G. Ricordi Co. v. Columbia Graphophone Co., 263 F. 354 (2 Cir. 1920). Thus, the usual rationale for granting a preliminary injunction upon the showing of a prima facie copyright infringement does not apply where the copyright covers musical compositions mechanically reproduced since the copyright holder does not have any right of exclusivity once he has permitted use. No irreparable injury may be presumed in such a situation.
 
 
 8
 Beechwood Music Corp. v. Vee Jay Records, Inc., 328 F.2d 728 (2 Cir. 1964) is not to the contrary. In that case we merely held that the knowing acquiescence in use by others to which the act refers applies only to use in the United States. Since the copyrights in question had only been used in Great Britain, the copyright holder still had a right of exclusivity within the United States. Protection of that right justified the issuance of a preliminary injunction.
 
 
 9
 The Copyright Act expressly preserves the traditional doctrines of equity when one seeks equitable remedies in a copyright action. 17 U.S.C. 112. The existence of an adequate legal remedy traditionally bars a plaintiff from equitable relief. This rule has frequently been applied in patent litigation in which a licensee has refused to pay royalties under a licensing arrangement. See Keyes v. Eureka Mining Co., 158 U.S. 150, 15 S.Ct. 772, 39 L.Ed. 929 (1895); Unilectric, Inc. v. Holwin Corp., 243 F.2d 393, 396-397 (7 Cir.), cert. denied 355 U.S. 830, 78 S.Ct. 42, 2 L.Ed.2d 42 (1957); American Safety Device Co. v. Kurland Chemical Co., 68 F.2d 734, 735 (2 Cir. 1934). Of course, the equitable power of a federal district court to grant an injunction could be properly involked, after liability is determined, to aid a copyright holder in the collection of his judgment against an infringer, as specifically authorized by the proviso to 17 U.S.C. 101(e).[2]
 
 
 10
 Appellants and the amicus curiae[3] argue that the district court's ruling enables a financially strong manufacturer of records to violate the copyright laws at will. The discouraging of willful violations of the Copyright Act can be sufficiently handled through the trial court's use of its power to grant treble damages and attorneys' fees to a copyright holder in an infringement action. 17 U.S.C. 1(e).
 
 
 11
 The interlocutory order appealed from is affirmed.
 
 
 
 [1]
 The record seems to indicate that some of these songs may have been composed by Ray Davies' brother, David
 
 
 [2]
 Reeve Music Co. v. Crest Records, Inc., 285 F.2d 546 (2 Cir. 1960); Miller v. Goody, 125 F.Supp. 348 (S.D.N.Y.1954). In the case before us, the district judge expressly found that Warner was a solvent corporation with liquid assets of over $11,000,000.00, making it well able to pay any judgment which might be returned against it in this copyright action
 
 
 [3]
 National Music Publishers' Association, Inc