**Marie C. JACKSON et al., Plaintiffs,**

v.

**NORTHERN STATES POWER COMPANY, a Minnesota Public Service Corporation, Defendant.**

**No. 3-72-Civ-142.**

United States District Court,
D. Minnesota,
Third Division.

June 7, 1972.

Roger S. Haydock and Dolores C. Orey, St. Paul, Minn., for plaintiffs.

Mackall, Crounse & Moore, Clay R. Moore, Minneapolis, Minn., for defendant.

MEMORANDUM AND ORDER

DEVITT, Chief Judge.

This matter is presently before the court on plaintiffs' motion for a preliminary injunction filed under Rule 65 of the Federal Rules of Civil Procedure. Five plaintiffs, individually and on behalf of a class they seek to represent, are involved. These plaintiffs ask temporary and permanent injunctive relief, damages, and a declaration that the implementation and enforcement by defendant of its rules, regulations and practices in terminating utility services and in otherwise collecting payment for utility services deprives plaintiffs of their right to due process and equal protection as these rights are guaranteed by the Fourteenth Amendment to the United States Constitution. A cause of

action is presented under 42 U.S.C. § 1983 and jurisdiction is properly predicated upon 23 U.S.C. § 1343(3) and (4). Ihrke v. Northern States Power Co., 459 F.2d 566 (8th Cir. 1972).

Insofar as this motion pertains to plaintiff Evelyn Aydt, it appears from the affidavits filed in support of the motion that defendant restored electric service to this plaintiff on May 19, 1972 pending the outcome of this matter. Thus as to plaintiff Aydt injunctive relief is not required at this time.

Plaintiff Theresa Andress resides at 1320 South Cleveland Avenue in St. Paul. The gas and electric services furnished to this residence are billed in the name of William Andress from whom this plaintiff has been separated for approximately three months. The affidavits filed in support of and in opposition to this motion indicate that the account for this plaintiff is in arrears in the amount of $54.03. Plaintiff in her affidavit denies she owes this amount. Defendant has threatened to terminate utility service to her unless the outstanding amount is paid.

Plaintiff Marie Jackson resides at 25 Mount Airy, St. Paul, Minnesota. Defendant's records for this address indicate that defendant has carried the account in the name of Thomas Jackson since January 12, 1960. Plaintiff relates she has been separated from Mr. Jackson since 1968. The accumulated deficiency in this account as of May 10, 1972 was $191.48. Electric service to Mrs. Jackson was terminated on April 25, 1972.

Plaintiffs Rosalind James and Peggy Johnson reside at 751 Laurel in St. Paul. These plaintiffs rent apartments under an oral leasing agreement. This agreement allegedly obligated the landlord, Allen Clemens, to pay for all utilities. The affidavit of defendant indicates that there is only one meter at the residence and the affidavit of these plaintiffs states that they are the only tenants occupying the premises. Electric service to the address was terminated on April 24, 1971. At the time of this termination the account of the landlord was delinquent in the amount of $510.11. Plaintiffs James and Johnson have agreed to be jointly and severally liable for any future services provided by defendant if this motion is granted.

It is uncontroverted that defendant has refused to grant service to plaintiffs Andress and Jackson in their own names until the deficiencies in their husbands' accounts are paid. It is defendant's position that it would not be able to grant individual accounts to plaintiffs James and Johnson since the building in which they reside is served by one electric meter. It is further undisputed that at no time has defendant provided any of these plaintiffs with a pre-termination hearing before an impartial hearing officer.

█ It is settled that a motion for preliminary injunctive relief is one addressed to the sound discretion of the court. Such an injunction should not be granted absent a strong showing of need by the Plaintiff. E. W. Bliss Co. v. Struthers-Dunn, Inc., 408 F.2d 1108 (8th Cir. 1969), American Metropolitan Enterprises of New York, Inc. v. Warner Bros. Records, Inc., 389 F.2d 903 (2d Cir. 1968). In passing upon such a motion the court must consider the probability that the plaintiff will eventually succeed on the merits the possibility or presence of immediate and irreparable injury to the plaintiff, the possibility of injury to the defendant and the public interest in the granting of the preliminary injunction. Van Hoven Co. v. Stans, 319 F.Supp. 180 (D.Minn.1970). Here with the exception of plaintiff Aydt plaintiffs have met their burden of showing immediate and irreparable injury. In addition there is a probability that plaintiffs will eventually succeed on the merits. See Davis v. Weir, 328 F. Supp. 317 (N.D.Ga.1971). Defendant has not demonstrated that possibility of great injury if the preliminary injunction issues and it would appear due to the essential nature of such services that the public interest would be served by

the issuance of the preliminary injunction.

Therefore it is ordered that subject to the filing by plaintiffs Jackson, James and Johnson of security in the amount of $100 each and by plaintiff Andress in the amount of $50, defendant is ordered in the case of plaintiffs James, Johnson and Jackson to reconnect said plaintiffs to utility services and continue to provide such utility services to these plaintiffs pending determination of the issues in this case so long as such plaintiffs continue to pay defendant for all current utility service charges when such charges are due. In the case of plaintiff Andress defendant is enjoined from terminating utility service to such plaintiff pending determination of the issues of this case so long as such plaintiff continues to pay all current charges for utility service when such charges come due.