Raoul F. BALCAEN, III d/b/a IECO, a sole proprietorship, Plaintiff,

v.

Art HERSCHBERGER dba Solar Automotive, Defendant.

Civ. A. No. 74–C–115.

United States District Court, E. D. Wisconsin.

June 23, 1976.

Elwin A. Andrus, Milwaukee, Wis., for plaintiff.

Theodore J. Long, Madison, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a copyright infringement and unfair competition case in which this Court entered a final decree and order of injunction on November 10, 1975. The decree and order was entered as the result of settlement discussions had between the parties which terminated in an apparent agreement. The Court's order provided, *inter alia*, that defendant pay plaintiff's taxable costs, including reasonable attorney's fees. The case is presently before the Court on defendant's motion to modify the final decree and injunction by deleting the provision pertaining to costs and attorney's fees.

In support of defendant's motion to modify is the affidavit of defense counsel which states, in essence, that the initial settlement offers of each party made clear that each side was to bear its own costs and fees, and that the subject of costs and fees was not discussed in any subsequent negotiations. In short, it is defendant's position that the inclusion of an award of costs and fees was not part of any agreement between the parties.

In its brief the plaintiff does not quarrel directly with defendant's assertions. Rath-er, plaintiff takes the position that defendant has delayed payment of the sum specified in the settlement agreement (exclusive of costs and fees) in bad faith. Plaintiff further argues that since there was no definite agreement in the final settlement understanding between the parties that plaintiff would waive any right it had to an award of costs and fees, such an award is appropriate.

■ The underlying cause of action in this matter arose under the United States copyright laws, 17 U.S.C. § 1 et seq., with the court having jurisdiction under 28 U.S.C. § 1338(a). On the matter of costs and fees, 17 U.S.C. § 116 provides as follows:

"In all actions, suits, or proceedings under this title, except when brought by or against the United States or any officer thereof, full costs shall be allowed, and the court may award to the prevailing party a reasonable attorney's fee as part of the costs."

This section has uniformly been interpreted to mean that an award of full costs to the "prevailing party" is mandatory, see, e.g., *Official Aviation Guide Co. v. American Aviation Associates*, 162 F.2d 541 (7th Cir. 1947); *Cloth v. Hyman*, 146 F.Supp. 185 (S.D.N.Y.1956); *Alexander v. Irving Trust Co.*, 132 F.Supp. 364 (S.D.N.Y.1955), affirmed 228 F.2d 221 (2d Cir. 1955), cert. denied 350 U.S. 996, 76 S.Ct. 545, 100 L.Ed. 860 (1956); *Stein v. Expert Lamp Co.*, 107 F.Supp. 60 (N.D.Ill.1952), while the allowance of attorneys' fees is discretionary, see, e.g., *Official Aviation Guide Co. v. American Aviation Associates*, supra; *Orgel v. Clark Boardman Co.*, 301 F.2d 119 (2d Cir. 1962), cert. denied 371 U.S. 817, 83 S.Ct. 31, 9 L.Ed.2d 58 (1962). Thus, under the statute, whether or not the parties have expressly agreed on the matter of costs and fees in their settlement understanding, if the plaintiff can be said to be the "prevailing party," then he is entitled to recover his costs and may, in the Court's discretion, also be entitled to an award of fees.

■ Naturally enough, defendant argues that since the case was settled short of trial,

the plaintiff cannot be a "prevailing party" within the meaning of the statute. The Court must reject this notion, for the plain meaning of the term "prevailing party," as used in 17 U.S.C. § 116, is not limited to include only a party who prevails after trial on the merits. *Corcoran v. Columbia Broadcasting System*, 121 F.2d 575 (9th Cir. 1941). Rather, the operative criteria is success at the conclusion of all proceedings, not by what means that success is obtained. See *Parker v. Mathews*, 411 F.Supp. 1059, 44 U.S.L.W. 2496 (D.Col.1976). Such a rule is in accordance with the generally favored policy of encouraging amicable settlement of disputes. If the rule were otherwise, parties would be forced to fully litigate each case for the purpose of obtaining an award of costs and fees. Moreover, the power to award costs and fees in settled cases reinforces the policy of discouraging violations of Title 17. See *American Metropolitan Enterprises of New York, Inc. v. Warner Bros. Records, Inc.*, 389 F.2d 903 (2d Cir. 1968).

In view of the present settlement agreement which provides for an award of damages to the plaintiff and a permanent injunction against the defendant, this Court has no alternative but to conclude that the plaintiff here has brought his claim against the defendant to a successful conclusion. Thus, he is the prevailing party within the meaning of 17 U.S.C. § 116. *Corcoran v. Columbia Broadcasting System*, supra. See *Parker v. Mathews*, supra.

It follows, under the language of § 116 and the cases cited above, that the plaintiff is entitled to recover the costs of his action. The matter of attorneys' fees, however, is more problematic since under § 116 an order awarding such fees is discretionary with the court. *Robinson v. Bantam Books, Inc.*, 339 F.Supp. 150 (S.D.N.Y. 1972). In making its determination, the Court is aware that where the underlying action has been settled, close scrutiny of all the facts and circumstances surrounding the settlement must be had with particular attention being paid to the necessity for bringing the action initially, the complexity of the legal issues presented, whether the party seeking the award of fees has been successful, and whether the fees applied for are reasonable.

In the factual setting presented here, the Court remains convinced that the attorney's fees awarded in the order of November 10, 1975, were appropriate. In making such a finding, the Court is aware of the potentially disruptive effect that may be had on future settlement negotiations in copyright cases where an award of attorney's fees is made although the settling parties have not agreed thereto. Nevertheless, under 17 U.S.C. § 116, the Court has the authority to make such an award in favor of the prevailing party in an appropriate case regardless of the manner in which that party has successfully terminated the underlying litigation.

IT IS THEREFORE ORDERED that defendant's motion to modify the final decree and injunction entered in this case on November 10, 1975, be and it hereby is denied.